---

## NEW YORK COMMON PLEAS.

### M. & E. MEYER and others agt. HARNDEN'S EXPRESS COMPANY.

The right of a *common carrier to limit his liability* is well settled in the affirmative.

And when a special contract is made, the relations of the parties are changed, and the carrier becomes as to that transaction an ordinary *bailee and private carrier for hire.*

Where the plaintiffs *directed E. & Co.* to ship goods by Harnden's express, it authorized E. & Co., at least so far as the defendants were concerned, to make any *contract* which the defendants insisted on.

Consequently, where E. & Co., on the delivery of the goods, presented a printed *receipt* in a receipt book of the defendants in their possession, which the driver of the express company signed, *held*, that E. & Co. had *authority*, as the agents of the plaintiffs, to make the contract contained in the receipt.

To hold that when *goods* are delivered, the carrier, who chooses to limit his responsibility, should be compelled to stop and examine the authority of the person presenting the goods, to make the contract, would virtually destroy the utility of the express business.

*New York General Term, November,* 1862.

DALY, BRADY and HILTON, *Judges.*

APPEAL from judgment at special term.

By the court, BRADY, J. The defendants agreed to carry from this city to Selma, Alabama, two cases of goods marked M. & E. Meyer & Co. At the time the goods were delivered, a receipt " was filled up" by I. Emanuel & Co., who were acting for the plaintiffs in forwarding the goods, and given to the defendants' driver, who signed it. That receipt was produced and put in evidence by the plaintiffs, after they had rested, and a motion for nonsuit had been made on the ground that it appeared from the evidence that there was a written contract which the plaintiffs had not produced. After its introduction the witness, who had identified it, was asked the question : " Was your attention ever called to the printed matter of this receipt ?" The question was objected to, but allowed, and an exception was taken. The witness was the bookkeeper of I. Emanuel & Co., and it was wholly immaterial whether his attention had been called to the printed matter or not. The evidence had disclosed the fact that Emanuel & Co. had a receipt book of the defendants in their store, from which the receipt in question was adopted by them, and without any application on the part of the defendants. It was filled up and given to the driver of the defendants, and signed by him. The witness was also asked : " What authority had you from Meyer & Co. relative to the shipping of the goods ?" and the question was allowed, although objected to. The answer was : " Our directions were to ship the goods by Harnden's express ; we had no other authority or direction from the plaintiffs in respect to the shipment." Upon this evidence the presiding judge charged the jury as follows : " If you find that I. Emanuel & Co. had no other authority or direction in regard to the goods than merely to purchase and ship them in the ordinary way, then no contract exists between the plaintiffs and defendants, limiting the liability which the law imposes upon common carriers in case of non-performance of their agreement to deliver property in a safe condition." And

further, " that unless Emanuel & Co. had authority to make such a contract, the plaintiffs are not bound by any such condition in the receipt in respect to the defendants' liability in the event of fraud or gross negligence." This was substantially telling the jury that, unless Emanuel & Co. had the power to make the contract contained in the receipt, the defendants were liable. The charge was erroneous. The right of the carrier to limit his liability is no longer subject to discussion. (*Dorr* agt. *Steam Nav. Co.*, 1 *Kern.*, 490 ; *Wells* agt. *Steam Nav. Co.*, 4 *Seld.*, 381.) And when a special contract is made, the relations of the parties are changed, and the carrier becomes as to that transaction an ordinary bailee and private carrier for hire. (PARKER, J., *in Dorr* agt. *N. J. Steam Nav. Co., supra.*)

The directions given by plaintiffs to ship goods by Harnden's express, authorized Emanuel & Co., so far at least as the defendants are concerned, to make any contract which the defendants insisted upon. If the agents transcended their power, the innocent party should not suffer. There was nothing in the case to call upon the defendants for an examination or investigation of the authority of Emanuel & Co. It was enough that they delivered the goods to them, and asked for their carriage ; but in this case they did more. They drew the contract and presented it for signature. It would virtually destroy the utility of the express business, which has become a very important part of our commercial system, to hold that when goods are delivered, the carrier, who chooses to limit his responsibility, should stop to examine the authority of the person presenting the goods to make the contract which he exacts. It would in this case, in my judgment, be erroneous to sustain the proposition that Emanuel & Co. had not authority to make this contract. They had possession of the goods, and delivered them for carriage. The possession was a lawful one, and the person selected to transport them in accordance with instructions received. Not only that, but

the plaintiffs introduced the contract to sustain their case, and then sought to avoid it by proving instructions in relation to the carriage, by the bookkeeper of Emanuel & Co. If the doctrine be tolerated that in cases similar to this, the contract can be avoided for want of power to make it, the proof on the part of the plaintiff should be ample.

I think the rule is not a sound one, and that its annunciation was error.

The judgment should be reversed.

DALY, J., concurred.