(121 App. Div. 275)

BATES v. WEIR.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. CARRIER—LIMITATION OF LIABILITY—EFFECT.

Where a contract for the shipment of goods by express limits the carrier's liability to $50 unless a greater value is stated by the shipper, in which case a higher rate is charged, the shipper is estopped from asserting that the goods are worth more than the sum stated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 665.]

2. SAME—POSSESSION OF GOODS—CONTRACTS.

The rule that mere possession of goods does not enable one to make a contract binding upon the owner applies to contracts with carriers.

3. SAME—NATURE OF CARRIER'S OBLIGATION TO CONSIGNEE.

An express company owed the consignee of a package no duty as a common carrier, except subject to the valid terms of the contract of shipment, and if she repudiates part of the transaction, on the ground of the agreement made by the consignor limiting the company's liability in the absence of a statement of value, she must repudiate it all, in which case she cannot assert the company ever became as to her a common carrier or a bailee for hire, or that it owed her any duty greater than that of a gratuitous bailee, a duty not to destroy or injure by gross negligence or some willful act.

Hirschberg, P. J., and Rich, J., dissenting.

Appeal from Trial Term, Nassau County.

Action by Caroline E. Bates against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

J. C. McReynolds (Carl A. De Gersdorff, on the brief), for appellant.

F. W. M. Cutcheon (Robert Louis Hoguet, on the brief), for respondent.

MILLER, J. This case is not controlled by our decision in Woolsey v. Long Island R. R. Co., 106 App. Div. 228, 94 N. Y. Supp. 56. That case was decided upon the authority of Springer v. Westcott,

105 N.Y.S.—50

166 N. Y. 117, 123, 59 N. E. 693, and Strong v. L. I. R. R. Co., 91 App. Div. 442, 86 N. Y. Supp. 911, which held that a traveler who delivers his baggage to an express or transfer company and receives a voucher is not bound by its terms, unless apprised thereof, because under such circumstances he is not expected to take the time to read it. It is not germane to this discussion to inquire whether the rule of those cases was applicable to the facts of the Woolsey Case, or whether the judgment in that case was right for another reason, to wit, that circumstances were disclosed which should have apprised the defendant that the house servant from whom it obtained the baggage had no authority to bind the owner by contract, because in any view the facts of that case are totally different from the facts of the case in hand.

Nor can this case be decided on the authority of the cases which hold that it will not be presumed that general words in a contract of a common carrier limiting its liability were intended to include the negligence of the carrier, if they may operate without doing so. Had the real value of the lace been stated, the charge of the defendant would have been $6, instead of 25 cents—the charge based on a valuation of $50. It is now settled in this state beyond controversy that, where a shipper makes such a contract as the one involved here, he is estopped from asserting that the property shipped is worth more than the sum stated. Magnin v. Dinsmore, 70 N. Y. 410, 26 Am. Rep. 608; Zimmer v. N. Y. C. & H. R. R. R. Co., 137 N. Y. 460, 33 N. E. 642.

Nor does it seem to me material whether the complaint states a cause of action on contract or in tort. The respondent asserts that the action is brought in disaffirmance of the contract, but there is nothing in the complaint to suggest that it is. The complaint alleges the undertaking of the defendant to carry, the loss of the goods, due either to the defendant's negligence or to the violation of its duty in the premises, and its failure to deliver after demand made. The case of Green v. Clark, 12 N. Y. 343, which the learned counsel for the respondent says he adopted as a precedent for drawing the complaint in the case at bar, was decided upon the theory that, by bringing an action on the case for violation of the duties resulting from the facts, the owner adopted and ratified the contract; and it was therefore held that the judgment in the action brought by the owner was a bar to a subsequent action brought by the person with whom the contract was made. In the case of New Jersey Steam Navigation Company v. Merchants' Bank of Boston, 6 How. (U. S.) 344, 12 L. Ed. 465, the action was brought by an owner and consignee for failure to deliver goods shipped by a third party. The libel, which is published in full in the report of the case at pages 350 and 351 of 6 How., cannot be distinguished in any material respect from the complaint in this action. One of the questions raised was that there was no privity between the plaintiff and the carrier, and that the action could not be maintained by the former. After deciding that the action was properly brought by the owner, as the contract of shipment was deemed to have been made with the owner, the court proceeded to say:

"The next question is as to the duties and liabilities of the respondents, as carriers, upon their contract with Harndon. As the libelants claim through it, they must affirm its provisions, so far as they may be consistent with law."

I am unable to follow the argument based upon the premise that the obligation of the defendant claimed to have been violated was non-contractual, and existed independent of contract. While that expression is found in the books, it does not warrant the conclusion that the obligation of a common carrier can be determined without any regard to the contract of shipment. The duty is independent of contract, in the sense that it exists independently of any express contract. The courts of this state recognize the freedom of the parties to contract, but hold that they contract with reference to the obligations imposed upon the carrier by the common law, and that said obligations are not limited, except by express contract, clearly and unequivocally showing an intent so to do; but in any case there is a contract, either express or implied. Much interesting discussion can be found in the early English cases upon the question whether the action was ex delicto or ex contractu, and in the early cases in this state, before the abolition of the common-law forms of pleading, respecting the allegations appropriate to the different forms of action. If the plaintiff declared on the custom solely, the action was regarded as one in tort; if he declared on the undertaking to carry, the action was on contract; and if he declared on both, the action was said to be ex delicto quasi ex contractu. See Orange Bank v. Brown, 3 Wend. (N. Y.) 158; Weed v. Saratoga & Schenectady Railroad Co., 19 Wend. (N. Y.) 534; Catlin v. Adirondack Co., 11 Abb. N. C. (N. Y. Ct. App.) 377. In the last case it was said that the rules of liability were the same in each case.

The learned counsel for the appellant argues that there is an analogy between the duty of a carrier to receive goods offered for shipment and that of an innkeeper to receive guests, and that inasmuch as an innkeeper, because of that duty, is given a lien even on stolen goods, a common carrier may rely on the possession of the shipper and make a contract with him which is binding on the true owner. But the analogy, so far as the right to claim a lien for charges is concerned, has not been followed in this country, as the only cases called to our attention directly deciding the question are to the effect that the carrier cannot assert a lien if the possession of the shipper was tortious. Fitch v. Newberry, 1 Doug. (Mich.) 1, 40 Am. Dec. 33; Robinson v. Baker, 5 Cush. (Mass.) 137, 51 Am. Dec. 54; Whitney v. Beckford, 105 Mass. 267. It may be granted, as contended by the respondent, that the rules, that one whose possession is tortious cannot confer a right to possession on another and that mere possession does not enable one to make a contract binding on the owner, apply to common carriers, and that the rule, that a common carrier may rely on the possession of an agent as giving the agent authority to make a special contract even though he be a special agent with limited instructions (See Meyer v. Harnden's Express Company, 24 How. Prac. [N. Y.] 290; Smith v. Robinson Bros. Lumber Co., 88 Hun, 148, 34 N. Y. Supp. 518; Nelson v. H. R. R. R. Co., 48 N. Y. 498) does not ap-

ply, for the reason that Mrs. O'Dell was not the plaintiff's agent, but a mere bailee.

But it seems to me that the discussion thus far is entirely beside the question which must decide this case, and that is, what was the defendant's duty to the plaintiff? I think it owed her no duty as a common carrier, except subject to the terms of its contract. It contracted to carry and deliver to the plaintiff an article worth $50, and became an insurer against everything except the acts of God and the public enemy; but it never assumed that obligation respecting an article valued at $6,000. It is said to be immaterial whether the defendant's obligation was that of an insurer, or simply a bailee for hire, as a cause of action upon either was established; but this entirely overlooks the fact that the defendant only became a bailee for hire by virtue of the contract, which the plaintiff must accept in toto if at all. If she repudiates the contract, the defendant was not even a bailee for hire as to her, because, according to the cases cited supra, which are relied upon by the respondent, the defendant could not have asserted a lien for carriage; but the plaintiff, disaffirming the contract and asserting that the shipment was wrongful, could have retaken the goods wherever she might find them, without the payment of any charges whatever. She sues for failure to deliver to her as consignee; but, if she repudiates the shipment, her rights are the same as though some other person had been consignee. It is held that a carrier, acting as a mere conduit, who receives goods from one whose possession is tortious and without knowledge of the rights of the true owner, delivers them according to directions, is not liable for conversion. Gurley v. Armstead, 148 Mass. 267, 19 N. E. 289, 2 L. R. A. 80, 12 Am. St. Rep. 555; Nanson v. Jacob, 93 Mo. 331, 6 S. W. 246, 3 Am. St. Rep. 531. And I suppose the same rule would apply to any person acting as a mere conduit, without the assertion of any other dominion. But, suppose in such case the goods are stolen from the carrier while in transit; it seems to me obvious that, unless the owner could adopt the contract of shipment (and I am not clear that he could in such case), the carrier would owe him no duty other than that of a finder of stolen property, viz., the duty not to injure or destroy the property by some willful act or by gross negligence. And I do not see how the plaintiff can assert that the defendant assumed the duties to her of a bailee for hire, or of a common carrier, without accepting the contract under which it became such.

This is not a case in which the owner directs a shipment and the carrier makes a special contract with one who, as it knows or ought to know, is without authority to bind the owner by special contract. In such case the contract is the one which the law implies, and such was the reason for the decision in Russell v. Erie R. R. Co., 70 N. J. Law, 808, 59 Atl. 150, cited in the opinion of Mr. Justice Rich, and in the cases of Merriman v. The May Queen, 17 Fed. Cas. 136, Jennings v. Grand Trunk R. Co., 127 N. Y. 438, 28 N. E. 394, and other cases cited by the respondent. Had the plaintiff specially instructed Mrs. O'Dell to express the lace, without making a special contract, she would have been bound by the contract made, although unauthorized; and it does not seem to me that she can rely upon obligations growing out of

the fact of shipment, without ratifying the shipment. If she repudiates a part of the transaction, she must repudiate it all, in which case she cannot assert that the defendant ever became as to her a common carrier or a bailee for hire, or that it owed her any duty greater than that of a gratuitous bailee, which, as I have said, was the duty not to destroy nor injure by gross negligence or some willful act. Mulgrave v. Ogden, Eliz. 1 Croke, 219; Tancil v. Seaton, 28 Grat. (Va.) 601, 26 Am. Rep. 380; Smith v. Nashua & Lowell R. Co., 27 N. H. 86, 59 Am. Dec. 364; Beardslee v. Richardson, 11 Wend. (N. Y.) 26, 25 Am. Dec. 596.

The foregoing reasons for reversing this judgment (it cannot be pretended that it is based on anything but a breach of the defendant's duty as a common carrier) seem to me unanswerable, but they are reinforced when considered in the light of the nature of the defendant's business and the duties and obligations imposed on it. It is bound to accept all goods tendered, and to carry them for a reasonable charge. Of course, this does not mean that it must accept stolen property; but in practical effect the carrier must rely on the possession of the person tendering the property as giving him authority to contract, unless there are circumstances which should apprise it of the contrary. Before undertaking to become an insurer, it is but reasonable that the defendant should know the nature and value of the property, not only for the purpose of determining the extent of the liability incurred, but as well the degree of care to be exercised and the charge which would be reasonably commensurate therewith. The contract made in this case was a reasonable contract, as the courts of this state have said; and, if the carrier acts in good faith and without notice of facts which should apprise it of the shipper's want of authority, it should have the right to insist that it never voluntarily assumed any obligations except in accordance with the terms of the contract of shipment, so far as those terms are not inconsistent with the law. The negligence in this case was that of the sender, who delivered to the defendant property worth $6,000 without apprising it of its value, and, whether the plaintiff has a cause of action against the sender or not, she should not be permitted to claim damages for a violation of duty growing out of the contract of shipment without adopting that contract. It seems to me that this case is controlled by the principle recently applied by this court in this department to an action brought by the addressee of a telegram against a telegraph company (Halstead v. Postal Telegraph Cable Co., 104 N. Y. S. 1016, decided June 7, 1907), and that we must hold, upon the authority of that case, that the duty of the defendant in the case at bar to the plaintiff was measured by the contract of shipment. I vote to reverse the judgment.

Judgment reversed, and new trial granted; costs to abide the event.

WOODWARD and JENKS, JJ., concur.

RICH, J. (dissenting). I am of the opinion that the wording of the limitation clause in the receipt given Mrs. O'Dell, upon which exemption from liability is predicated, is such as to bring this case within the operation of the rule declared by the Court of Appeals in Mynard v.

Syracuse, Binghamton & N. Y. R. R. Co., 71 N. Y. 180, 27 Am. Rep. 28, cited with approval in Rathbone v. N. Y. C. & H. R. R. Co., 140 N. Y. 51, 35 N. E. 418; Gillet v. Bank of America, 160 N. Y. 555, 55 N. E. 292; and Marshall v. Com. Trav. Mut. Acc. Ass'n, 170 N. Y. 438, 63 N. E. 446, and by this court in Galloway v. Erie Railroad Co., 107 App. Div. 210, 95 N. Y. Supp. 17, that the exemption from liability (under a clause contained in a contract of shipment, in consideration of transportation at a reduced rate) of the carrier for damages or injury to or the loss of the property shipped, "from whatsoever cause arising," did not include a loss caused by the carrier's negligence; that, when general words in the contract of a common carrier limiting liability may operate without including the negligence of the carrier or his servants, it will not be presumed that they were intended to include it; that every presumption is against such an intention; and that the contract will not be construed as exempting from liability for negligence resulting in the loss, unless the intention is expressed in unequivocal terms. If the words "from whatsoever cause arising" are too general to include the negligence of the carrier, I fail to see how the words "in any event" can accomplish that result, and relieve the defendant from the result of its negligence.

These conclusions require the affirmance of the judgment, with costs.

HIRSCHBERG, P. J., concurs.