### FELD v. PLATT.

(City Court of New York, Trial Term. February Term, 1908.)

1. CARRIERS—CARRIAGE OF GOODS—LIABILITY OF CARRIER.
      The disclosure of the value of goods delivered to a carrier is a condition precedent to the attaching of any liability to the carrier for merely ordinary neglect, unaccompanied with any misfeasance or willful act.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 498, 499, 654–658.]

2. SAME.
      The omission on the part of a carrier to make inquiry as to the value of goods received is not a waiver of the limitation in the contract limiting the liability to a specified sum.

3. SAME.
      A shipper of goods by express valued at $450 accepted a receipt limiting the liability of the carrier to $50. There was no fraud or imposition. The shipper stated that he wanted the goods "insured," but he did not disclose the nature and value thereof. Held, that the liability of the carrier was limited to $50.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 498, 499, 655.]

Action by Simon Feld against Edward T. Platt, as treasurer of the United States Express Company. Heard on motion to set aside a verdict for plaintiff and for new trial. Motion granted, and new trial ordered, conditionally.

See 107 N. Y. Supp. 21.

Leidy & Goodstein, for plaintiff.
O'Brien, Boardman, Platt & Dunning, for defendant.

FINELITE, J. Motion to set aside a verdict for plaintiff and for a new trial. This action was brought to recover the value of a bundle of clothing alleged to have been lost while in the possession of the defendant, a common carrier of property. The plaintiff had a verdict of $450, and the defendant moves to set aside this recovery and for a new trial, upon the ground that the liability of the company was limited to $50 by reason of the terms of the express shipping receipt, which receipt was given to the plaintiff's wife by the defendant's agent

at the time the bundle of clothing was offered by her to the defend-ant and received by his agent for carriage. The facts, briefly, are as follows:

The plaintiff telephoned the United States Express Company, and asked them to call at No. 721 Sixth street and take some packages to be shipped to West End, N. J. He told his wife to attend to the delivery of the bundles to the express company. In answer to this telephone communication a wagon of the express company called at No. 721 Sixth street on July 21, 1905. The plaintiff's wife was in charge of their apartment at the above address. She delivered to the expressman four parcels, consisting of a baby carriage, a basket, a tub, and a large bale—all addressed to her husband's firm of Ward & Feld, West End, N. J. The expressman carried the four packages to the sidewalk. Plaintiff's wife followed him down and asked him for a receipt. He gave her the receipt, which is in evidence, marked "Defendant's Exhibit No. 1." The plaintiff's wife testified that she wished the goods "insured"; but, however, she took the receipt, which is in evidence. All the bundles were delivered, except the bale of clothing, and that has never been located. It was conceded at the trial that the contents of the bale were valued at $450. It seems that the plaintiff's wife had shipped these identical packages for three sum-mers previous to this shipment; once to Rockaway, and twice to West End, N. J.

The defendant contends that this is the ordinary case of a shipment by express, and that the $50 limitation clause in the express shipping receipt, or contract of carriage, is applicable and binding upon the plaintiff. I am forced to the conclusion that the defendant's conten-tion is correct, and that the receipt in evidence is a binding contract upon the parties to this action. By it their rights were fixed, and by it the liability of the defendant was limited, providing, however, no fraud or imposition was practiced upon the plaintiff or his agent by the defendant. The evidence is devoid of any fraud or imposition. There is some evidence to the effect that the plaintiff's wife said she wanted the goods "insured," yet she did not disclose the nature and value of the property to the expressman. The disclosure of the value of the goods was a condition precedent to the attaching of any liabili-ty to the carrier for merely ordinary neglect, unaccompanied with any misfeasance or willful act. The plaintiff's wife remained silent as to the real value of the bale of clothing when delivered for shipment. If she wanted it "insured," she should have given its value to the ex-pressman, so that a different contract could have been made. The omission on the part of the carrier to make inquiry as to the value is not a waiver of the limitation in the contract. (See Magnin v. Dins-more, Pres't, etc., 70 N. Y. 410, 26 Am. Rep. 608. She shipped this identical property before—once by the Adams Express Company to Rockaway Beach, and twice by the United States Express Company to West End, N. J.—and received a receipt each time, so that she was quite familiar with the custom of shipping goods by express and receiving receipts for such shipments; and it strikes me that when the goods were received by the defendant's expressman on July 21, 1905, nothing was said by the plaintiff's wife about insurance or value

of the goods, but that they were simply delivered and a receipt taken therefor.

The plaintiff's attorneys contend in their brief "that the contract between the express company and the plaintiff was simply to ship goods at an agreed price, and that there was no contract entered into limiting the liability of the defendant"; but, unfortunately for the plaintiff, the receipt which is the contract here is in evidence, and very much so, too, being marked "Exhibit No. 1," and until it can be read out of evidence I must take cognizance of it, and declare it, as I have, a binding contract subsisting between the parties thereto. The loss of the property, conceded of the value of $450, no doubt falls heavily upon the shoulders of the plaintiff; but it seems so strange, in this commercial age, that people of ordinary prudence intrust so much valuable property to ordinary common carriers thereof, without even exercising the forethought of giving the true value of the same, or perhaps fogetting to give its true value. It may be it is thrift which brings upon them this spirit of forgetfulness, yet "thrift is a blessing if man steals it not." And only recently a person owning valuable lace, valued at $6,000, delivered same to a cleaner in this city, who afterward shipped the same by Adams Express Company, addressed to the owner, in a box not indicating the nature of the contents and without stating its value. Twenty-five cents was paid for expressage, and the usual receipt limiting liability was given. The lace was lost in transit, and all the owner could recover, as the Appellate Division, Second Department, held, was the amount set forth in the receipt, namely, $50. Bates v. Weir (July 23, 1907) 121 App. Div. 275; 105 N. Y. Supp. 785. As Mr. Justice Miller says in the prevailing opinion in the above case:

"The question is: What was the defendant's duty to the plaintiff? I think it owed her no duty as a common carrier, except subject to the terms of the contract. It contracted to carry and deliver to the plaintiff an article worth $50, and became insurer against everything, except the acts of God and the public enemy; but it never assumed that obligation respecting an article valued at $6,000."

Motion granted, and new trial ordered, unless the plaintiff stipulate to reduce the verdict to $50 and interest, in which case judgment be entered accordingly.