Judgment reversed and judgment directed in favor of plaintiff and against defendant for $153.94, with interest from March 21, 1906, with costs in this court and the court below.

----

SIMON FELD, Plaintiff, *v.* EDWARD T. PLATT, as Treasurer of the UNITED STATES EXPRESS Co., Defendant.

(City Court of New York, Trial Term, May, 1908.)

Carriers — Carriage of goods — Limitation of liability — Mode of limiting liability — By receipt.

> Where an express company sent to the plaintiff's residence at his request for goods to be shipped to New Jersey and the plaintiff's wife delivered to the defendant's agent the goods and asked him for a receipt and he gave her a receipt limiting the liability

of the company to $50 and it does not appear that the plaintiff's wife disclosed the nature and value of the property to the expressman, in the absence of any evidence of fraud or imposition, the plaintiff will be bound by the receipt, though the value of the goods is conceded to be $450.

Motion to set aside a verdict for plaintiff and for a new trial.

Leidy & Goodstein, for plaintiff.

O'Brien, Boardman, Platt and Dunning, for defendant.

Finelite, J. This action was brought to recover the value of a bundle of clothing alleged to have been lost while in the possession of the defendant, a common carrier of property. The plaintiff had a verdict of $450, and the defendant moves to set aside this recovery and for a new trial upon the ground that the liability of the company was limited to $50 by reason of the terms of the express shipping receipt, which receipt was given to the plaintiff's wife by the defendant's agent at the time the bundle of clothing was offered by her to the defendant and received by his agent for carriage. The facts briefly are as follows: The plaintiff telephoned the United States Express Company and asked them to call at No. 721 Sixth street and take some packages to be shipped to West End, N. J. He told his wife to attend to the delivery of the bundles to the express company. In answer to this telephone communication a wagon of the express company called at No. 721 Sixth street on July 21, 1905. The plaintiff's wife was in charge of their apartment at the above address. She delivered to the expressman four parcels, consisting of a baby carriage, a basket, a tub and a large bale — all addressed to her husband's firm of Ward & Feld, West End, N. J. The expressman carried the four packages to the sidewalk. Plaintiff's wife followed him down and asked him for a receipt. He gave her the receipt, which is in evidence marked defendant's Exhibit No. 1. The plaintiff's wife testified that she wished the goods " insured;" but, however, she took the receipt which is in evidence. All the bun-

dles were delivered, except the bale of clothing, and that has never been located. It was conceded at the trial that the contents of the bale were valued at $450. It seems that the plaintiff's wife had shipped these identical packages for three summers previous to this shipment, once to Rockaway and twice to West End, N. J. The defendant contends that this is the ordinary case of a shipment by express, and that the fifty-dollar limitation clause in the express shipping receipt, or contract of carriage, is applicable and binding upon the plaintiff. I am forced to the conclusion that the defendant's contention is correct, and that the receipt in evidence is a binding contract upon the parties to this action. By it their rights were fixed, and by it the liability of the defendant was limited, providing, however, no fraud or imposition was practiced upon the plaintiff or his agent by the defendant. The evidence is devoid of any fraud or imposition. There is some evidence to the effect that the plaintiff's wife said she wanted the goods " insured " yet she did not disclose the nature and value of the property to the expressman. The disclosure of the value of the goods was a condition precedent to the attaching of any liability to the carrier for merely ordinary neglect, unaccompanied with any misfeasance or willful act. The plaintiff's wife remained silent as to the real value of the bale of clothing when delivered for shipment. If she wanted it " insured " she should have given its value to the expressman, so that a different contract could have been made. The omission on the part of the carrier to make inquiry as to the value is not a waiver of the limitation in the contract. See Magnin v. Dinsmore, 70 N. Y. 410. She shipped this identical property before — once by the Adams Express Company to Rockaway Beach, and twice by the United States Express Company to West End, N. J.— and received a receipt each time, so that she was quite familiar with the custom of shipping goods by express and receiving receipts for such shipments, and it strikes me that when the goods were received by the defendant's expressman on July 21, 1905, nothing was said by the plaintiff's wife about insurance or value of the goods, but that they were simply delivered and a receipt taken therefor. The plaintiff's attorneys contend in their brief " that

the contract between the express company and the plaintiff was simply to ship goods at an agreed price, and that there was no contract entered into limiting the liability of the defendant," but, unfortunately for the plaintiff, the receipt which is the contract here is in evidence, and very much so, too, being marked Exhibit No. 1, and until it can be read out of evidence I must take cognizance of it, and declare it, as I have, a binding contract subsisting between the parties hereto. The loss of the property, conceded of the value of $450, no doubt falls heavily upon the shoulders of the plaintiff, but it seems so strange, in this commercial age, that people of ordinary prudence intrust so much valuable property to ordinary common carriers thereof without even exercising the forethought of giving the true value of the same, or perhaps forgetting to give its true value. It may be it is thrift which brings upon them this spirit of forgetfulness, yet " thrift is a blessing if man steals it not." And only recently a person owning valuable lace, valued at $6,000, delivered same to a cleaner in this city, who afterward shipped the same by Adams Express Company, addressed to the owner, in a box not indicating the nature of the contents and without stating its value. Twenty-five cents was paid for expressage, and the usual receipt limiting liability was given. The lace was lost in transit, and all the owner could recover, as the Appellate Division, Second Department, held, was the amount set forth in the receipt, namely, $50. Bates v. Weir, 121 App. Div. 275. As Mr. Justice Miller says in the prevailing opinion in the above case, " the question is, what was the defendant's duty to the plaintiff? I think it owed her no duty as a common carrier, except subject to the terms of its contract. It contracted to carry and deliver to the plaintiff an article worth $50, and became an insurer against everything, except the acts of God and the public enemy, but it never assumed that obligation respecting an article valued at $6,000." Motion granted and new trial ordered, unless the plaintiff stipulates to reduce the verdict to $50 and interest, in which case enter judgment accordingly.

Judgment accordingly.