MONSEES v. WESTERN UNION TELEGRAPH CO.

(Supreme Court, Appellate Division, Second Department.   June 12, 1908.)

TELEGRAPHS AND TELEPHONES—UNREPEATED MESSAGES—LIABILITY FOR DE-
LAYED DELIVERY.

Plaintiff cannot recover from a telegraph company for delay in deliver-
ing an unrepeated message, addressed as sent to "H. J. Monsees," and to
"H. J. Monse" as delivered, where the blank upon which it was written
contained a stipulation exempting the company from liability for mis-
takes or delays in transmitting or delivering, or for nondelivery of, an
unrepeated message.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and
Telephones, § 43.]

Appeal from Trial Term, Westchester County.

Action by Henry J. Monsees against the Western Union Telegraph
Company.  From a judgment for plaintiff, and from an order denying
a new trial, defendant appeals.  Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and
MILLER, JJ.

Francis Raymond Stark (George H. Fearons, on the brief), for
appellant.

Arthur L. Fullman, for respondent.

RICH, J.  The question presented by this appeal has been decided
in Halsted v. Postal Telegraph Cable Co., 120 App. Div. 433, 104 N.
Y. Supp. 1016.  A telegram was sent to plaintiff from Brooklyn by
Provost Bros. Company, his brokers, on August 5, 1903, requiring
an additional margin of $2,000 and giving notice that if the same was
not sent immediately the stock purchased for him would be sold to
protect the senders.  It was an unrepeated message, written upon the
general blank of the company, containing the same stipulations and
conditions that were contained in the telegram considered in the Hal-
sted Case, and was written at the office of the senders by their act-
ing cashier.  When delivered to the defendant for transmission it
was addressed to "H. J. Monsees, Unger Cliff Hotel, Mt. Kisco, New
York."  It reached Mount Kisco addressed to "H. J. Monse, Unger
Cliff Hotel," and was not delivered to plaintiff until August 7th, when
he went to the office of the defendant and called for the telegram,
which was delivered to him.  His stock was sold by his brokers on
August 6th, resulting in an alleged loss to plaintiff of his entire mar-
gins, amounting to $4,300, $450 of which he has recovered in this ac-
tion.

The negligence alleged in the complaint is the improper transmission
and the delay in delivering the message.  The principle decided in Hal-
sted v. Postal Telegraph Cable Co., supra, is applicable to nonde-
livery, or delay in delivery, as well as to an error in language in trans-
mission.  It has been followed by this court in Bates v. Weir, 121
App. Div. 275, 105 N. Y. Supp. 785, and by the Appellate Term in
Addoms v. Weir, 56 Misc. Rep. 487, 108 N. Y. Supp. 146, and is in
accord with the views of the Court of Appeals as expressed in Kiley
v. Western Union Telegraph Co., 109 N. Y. 231, 16 N. E. 75.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur; MILLER, J., in result, being of the opinion that the contract would not relieve from liability for nondelivery or delay in delivery, unless such nondelivery or delay were caused by an error in transmission.