Action by Maurice J. Blate against Edward J. Clarry. Judgment for plaintiff, and defendant appeals. Judgment reduced, and, as modified, affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Clinton T. Roe, for appellant.

Schleimer & Schleimer (Max Schleimer, of counsel), for respondent.

GILDERSLEEVE, J.   In April, 1904, the plaintiff's assignors entered into a contract with defendant by which the latter agreed to convey to said assignors, as vendees, two lots of land in Bowne Park, Flushing, Long Island, for the sum of $500.   The legal title to the lot was not in the name of the defendant, nor was he the owner thereof. The defendant was unable to complete the contract by making a conveyance of the property.   The court below held that the defendant was guilty of fraud in procuring the contract, and awarded the plaintiff $364 damages.

The judgment is not supported by the evidence.   There is not sufficient evidence to sustain a conclusion that the vendees were induced to enter into the contract by any fraudulent representations of the defendant.   It appears very clearly, from a careful consideration of all the evidence, that the defendant acted in good faith, and believed, when he entered into the contract, that he would be able to comply with its terms and convey a good title to the vendees.   It further appears that the fair market value of the lots in question was not in excess of the value which the plaintiff's assignors agreed to pay.   Under these circumstances the measure of damage is the amount paid on account of the purchase money and such expenses as were reasonably incurred in the examination of the title.   Northridge v. Moore, 118 N. Y. 422, 23 N. E. 570.   Fifty-seven dollars was paid on account of the purchase money, and $50 expense incurred in the examination of title, amounting in all to $107.   The interest is approximately $13, and the costs of the court below $27.

The judgment should be reduced to $147, and, as thus modified, affirmed, without costs.   All concur.

---

HAILPARN v. JOY S. S. CO. et al.

(Supreme Court, Appellate Term.   June 1, 1906.)

CARRIERS—INJURY TO GOODS—RELEASE OF LIABILITY—ACCEPTANCE OF CONTRACT.

The owner of goods, with a truckman, took them to a carrier; the owner leaving the truckman to deliver them, get a receipt therefor, and deliver it to the owner's wife.   The truckman delivered them, got a bill of lading, naming him as "owner or shipper" and the owner as consignee, and without examination signed in his own name a paper handed him by the carrier's agent, who knew he was merely a truckman, with the direction that he sign "this release," which recited that in consideration of the transportation of the goods at "reduced rates," of which fact there was no other evidence, liability for damages from negligence of the carrier was released.   *Held*, that the release was ineffectual; there being nothing to show it was accepted by the shipper.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 691.]

Appeal from City Court of New York, Trial Term.

Action by William Hailparn against the Joy Steamship Company and another. From a judgment dismissing the complaint as to the steamship company, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Henry Kuntz, for appellant.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for respondent Joy S. S. Co.

GILDERSLEEVE, J. The action is to recover for damages to 11 packages of household goods shipped from Boston to New York. The complaint was dismissed as to both defendants on different grounds. This appeal is only from the judgment dismissing the complaint as to the defendant Joy Steamship Company.

This defendant is a common carrier, and undertook to convey the goods from Boston to New York. The goods were delivered in a greatly damaged condition, but the court below dismissed the complaint on the ground that a release under seal was executed by plaintiff's agent against any damages occasioned by defendant's negligence, in consideration of the reduced rate at which the shipment was made. The plaintiff and a truckman named Brown took the goods to defendant's pier in Boston to have been placed on defendant's boat for transportation to New York. The plaintiff was in a great hurry, and there were a large number of people ahead of him. He therefore told Brown to deliver the goods to defendant, to get a "receipt" for the same, and to deliver said receipt to plaintiff's wife. The said Brown did so deliver the goods, and got a bill of lading in return for said goods, in which Brown was named as "owner or shipper" and the plaintiff as consignee. At the same time defendant's agent handed Brown the release in question and told him to sign it. Brown did so. The release, of course, remained in possession of defendant. Plaintiff sought to show that he in no way authorized Brown to sign said release, but was not allowed to do so. Still the evidence does show that plaintiff merely told Brown to get "the receipt" for the goods, upon delivering them to defendant, and to give such "receipt" to plaintiff's wife. It may be remarked that, aside from the fact that the release recites that it is given in consideration for transporting the goods at "reduced rates," there is no evidence whatever that the rates were, in point of fact, in any degree reduced. There is no doubt that a common carrier may limit its liability by contract in consideration of a reduced rate for transportation. Zimmer v. Railroad Co., 137 N. Y. 460, 33 N. E. 642; Kenney v. Ry. Co., 125 N. Y. 422, 26 N. E. 626. Nevertheless such contract must be accepted by the shipper or his agent. The release was signed "M. Brown," and nothing appears in said release to indicate that Brown acted for anybody but himself. He was never authorized by the plaintiff to sign said release, nor is there anything to indicate that plaintiff in directing Brown to deliver the goods and take a "receipt" therefor, had the remotest anticipation that any such release was to be demanded by the defendant. Brown himself does not appear to have read the release, or had his attention called specifically to its

provisions. He merely signed it mechanically at the bidding of defendant's agent, who says he told him to sign "this release." Brown was a mere truckman, as defendant's agent well knew. It seems to us that the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.