(53 Misc. Rep. 564)

## KANEVSKY v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Term.    April 10, 1907.)

CARRIERS—LOSS OF BAGGAGE—RELEASE.

> Where the son of plaintiff, under her direction, checked a trunk over defendant's line, and at the time signed a paper agreeing to release the company from all liability for the baggage in question, the agreement stating that the lock was off the trunk, plaintiff is thereby barred from recovery for the loss of the baggage.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Rosie Kanevsky against the New York, Ontario & Western Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

A. Welles Stump, for appellant.

S. C. Sugarman, for respondent.

GIEGERICH, J. The action was brought for damage and loss of baggage checked by the plaintiff over the defendant's road from Centerville, N. Y., where the plaintiff was spending the summer, to New York City, where she resided. The trunk containing the baggage was packed by the plaintiff's son, then a boy about 15 years of age, and was then bound with a thick cord by him. When the party, which included the plaintiff, her son, and another child, reached the station, the plaintiff, after purchasing tickets, sent her son to the baggage master to attend to checking the trunk. The baggage master presented to him, and received his signature upon, an agreement releasing the company from all liability for the baggage in question; such agreement stating that the lock was off the trunk. The plaintiff and her son and her daughter all swore positively that the trunk was in good order and that it was locked, and the son further swore that he did not read the paper that was presented to him for signature, that "everybody else signed it who rode," and that no explanation was made when it was presented to him. The defendant offered records kept by its various employés, showing that the article of baggage in question was marked on such records as being in bad condition from the start; such records including the one kept by the agent who had charge of the baggage car on which the trunk was placed at the station from which it was checked.

But, without considering any of those records, we think the fact of the release of liability, reciting that the lock was off the trunk, is sufficient to determine the issue of credibility in favor of the defendant. It is difficult to conceive why such a paper should have been prepared, if the trunk had been in good condition, as the plaintiff and her children testified, when it was delivered at the station. Moreover, the release of liability was signed by the person whom the plaintiff had intrusted with the duty of preparing the trunk for shipment and of attending to checking the same. The fact that her son was a minor did not incapacitate him from acting as an agent; the well-known rule

being that contracts made by an infant as an agent are binding upon the principal. 1 Am. & Eng. Enc. of L. (2d Ed.) p. 945; Avery v. Fisher, 28 Hun, 508. "The agent to whom the owner trusts goods for delivery must be regarded as having authority to stipulate for the terms of transportation." Redfield on Carriers, § 52. See, also, Nelson v. Hudson R. R. Co., 48 N. Y. 498; Shelton v. Merch. Disp. Trans. Co., 59 N. Y. 258; Root v. N. Y. & N. Eng. R. R. Co., 27 N. Y. Supp. 611; Jennings v. Gr. Trunk Ry. Co., 127 N. Y. 438, 28 N. E. 394; Steers v. Liverpool, N. Y. & P. S. S. Co., 57 N. Y. 1, 15 Am. Rep. 453; Zimmer v. N. Y. C. & H. R. R. R. Co., 137 N. Y. 460, 33 N. E. 642.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.