(56 Misc. Rep. 487.)

ADDOMS v. WEIR.

(Supreme Court, Appellate Term. November 29, 1907.)

1. CARRIERS—LOSS OF GOODS—LIMITATION OF LIABILITY—EXPRESS RECEIPT—AGENT FOR SHIPPER.

Plaintiff, a guest at a hotel, gave a bell boy a package addressed to plaintiff in another city, instructing the boy to "take this to Adams Express." The boy did as directed, neglected to value the package, and received an express receipt containing a stipulation limiting the carrier's liability on unvalued packages to $50. *Held*, that the boy was plaintiff's agent, and, being authorized to deliver the package for shipment, was authorized to bind plaintiff by his acceptance of such limited liability contract, under the rule that an agent to whom the owner intrusts goods for delivery to a carrier must be regarded as having authority to stipulate for the ordinary terms of transportation.

2. EVIDENCE—SHIPPING RECEIPT—ADMISSIONS.

Where, in an action against a carrier for loss of goods, plaintiff introduced as part of her proof a receipt containing a special contract limiting liability, and did not limit the purpose of the receipt as merely to show delivery of the package to the carrier, she could not thereafter contend that she was not bound by the terms of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1022.]

3. CARRIERS—CONTRACT OF CARRIAGE—WRITTEN CONTRACT.

In the absence of fraud or imposition, the rights of a carrier and shipper are to be controlled by whatever written contract was entered into at the time the property was received for transportation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 148–167.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Mary B. Addoms against Levi C. Weir, president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Cravath, Henderson & de Gersdorff (Geo. M. Bartholomew and Arthur W. Clement, of counsel), for appellant.

Mortimer C. Addoms, for respondent.

LEVENTRITT, J. In October, 1906, the plaintiff was a guest at the Homestead Hotel, Hot Springs, Va. On the day preceding her departure therefrom she packed certain articles of wearing apparel in a pasteboard box, which she addressed to herself at No. 73 East Fifty-Sixth street, N. Y. She then called a bell boy, gave him the package, and instructed him to "take this to Adams Express." Thereafter all trace of the package is lost, but the defendant admits its receipt from an employé of the hotel and that its delivery was pursuant to the plaintiff's instructions. The package was not delivered at New York, and the plaintiff sued for the value of its contents, alleging the defendant's negligence. The defendant pleaded a special contract with the plaintiff's agent whereby its liability was limited to $50. The receipt embodying this contract of limited liability forms a part of the record, having been introduced in evidence by the plaintiff. Subdivision 1 of this receipt reads as follows:

"In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

No value was placed on the package either by the plaintiff or by the hotel employé from whom it was received by the defendant. The plaintiff contends that the messenger to whom she gave the package was not in her employ, and could not, therefore, be considered as her agent, and that, although he was authorized to deliver it to the defendant, he was without power to enter into a special contract of limited liability. The justice before whom the case was tried sustained the plaintiff's contention and rendered a judgment in her favor for $319, the value of the lost articles. A motion to reduce the recovery to $50 was denied. From the judgment, and the order entered upon the denial of that motion, this appeal is taken.

We think the conclusion reached by the learned trial justice was erroneous. The person to whom the plaintiff gave the package, with instructions to send it via Adams Express, was by the plaintiff's act constituted her agent for all purposes necessary to the shipment. He was authorized under the circumstances disclosed to enter into the special contract evidenced by the receipt. The defendant was justified in treating him as having power to ship, and therefore as having full author-

ity to enter into the usual contract necessarily incidental to that end. In other words, acting in good faith, it had the right to rely upon the apparent authority which accompanied the lawful possession of the package. No duty rested upon the defendant to examine into the authority of the person presenting the package to make the contract which was made, in the absence of some special circumstances calling for the exercise of unusual care, such as notice that the package contained stolen goods. The hotel employé was the only person with whom the defendant could deal in making the arrangements necessary to the shipment. To it he stood in the position of owner. If there had been any limitation to the agency, it could only avail the plaintiff if it had been brought to the notice of the defendant. As a general rule the agent to whom the owner intrusts goods for delivery must be regarded as having authority to stipulate for the ordinary terms of transportation. Waldron v. Fargo, 170 N. Y. 137, 62 N. E. 1077; Zimmer v. N. Y. C. & H. R. R. R., 137 N. Y. 460, 33 N. E. 642; Jennings v. Grand Trunk, 127 N. Y. 438, 28 N. E. 394.

The plaintiff's agent was fully authorized to deliver the package in question to the defendant, and he was given no instructions as to its value or contents. He did deliver the package, and he gave no value. He did not exceed his authority, and his lawful possession of the package for a lawful purpose was sufficient to justify the defendant in dealing with him as it would have dealt with the plaintiff. This principle is a salutary one, which enables the carrier to perform its full duty to the public without being exposed to undue risk or excessive liability. If a contrary rule prevailed, a person, merely by intrusting a valuable package to another for the sole purpose of delivering it to the carrier, could subject the latter to a common-law liability, irrespective of its legal right to limit its liability by special contract. In other words, a special contract of limited liability could be availed of only where the carrier had dealt directly with the legal owner, or where it had by inquiry ascertained that the owner's agent had authority to accept such a contract. The effect of such a rule would practically be to destroy the efficiency, if not the utility, of the express business. The cases relied upon by the respondent as supporting a contrary doctrine are from a class generally termed "baggage cases," and are inapplicable. Those decisions apply to relieve one from stipulations contained in baggage receipts upon the theory that such a receipt amounts merely to a voucher, which enables the owner to follow and identify his property. They differ materially from cases where a person shipping goods by a carrier deliberately enters into a contract necessary to the transportation thereof.

The plaintiff introduced as part of her proof the receipt containing the special contract of limited liability. The appellant contends that she is, therefore, bound by the terms of the contract. We are in accord with this contention. The receipt was offered to establish the contract of carriage. It was the plaintiff's only evidence on that point. It is difficult to understand how the plaintiff could assert that the defendant assumed the duties of a common carrier, without accepting the contract under which it became such. She introduced the receipt for the purpose of establishing her cause of action, and as an instrument of evidence it must be taken altogether, and the contract construed from

all that it contains. The plaintiff could recover only under this receipt, unless she proved that she did not assent to the conditions limiting the defendant's liability, and in that regard, as we have shown, she failed. The respondent argues that she seeks recovery under the common-law liability of the defendant as a common carrier, and that the sole purpose of offering the receipt in evidence was to show delivery of the package in question to the defendant. The record does not disclose any qualification or limitation controlling the introduction of this receipt, and, as we have pointed out, it is to the breach of the contract represented by this instrument that the plaintiff is remitted for any recovery to which she may be entitled; and, having made the receipt a part of her case, the defendant must have the benefit of all its terms and conditions. Springer v. Westcott, 78 Hun, 365, 29 N. Y. Supp. 149. The plaintiff cannot, under the circumstances, claim benefit of a portion of the contract and exemption from the remainder.

The respondent concedes (1) that a regularly constituted agent of the owner may deal with property so as to bind the owner; (2) that a carrier must rely on the possession of the person tendering the property as giving him authority to contract, unless there are circumstances which should apprise it to the contrary; and (3) that if the carrier acts in good faith, and without notice of facts which would apprise it of the shipper's want of authority, it may insist upon a contract of limited liability. These conceded principles are applicable to the facts here presented and are decisive of the controversy. The person from whom the defendant received the package was authorized by the plaintiff to deliver it. He acted within the scope of his authority and in strict accordance with the plaintiff's instructions. There were no circumstances which required the defendant to inquire into the authority of the plaintiff's agent, and acting in good faith, without any notice of want of such authority, it was justified in insisting upon and in issuing the special contract of limited liability by the terms of which the plaintiff is bound. It does not admit of argument that, had the plaintiff in person delivered the package in question to the defendant and had the receipt been given to her under the conditions detailed, she would be bound by its terms. She must also be held to be equally bound where the contract results from the act of her agent, who was concededly clothed with full authority to ship, and who must therefore be presumed, in the absence of some notice to the contrary, to be empowered to enter into the contract necessary or incidental to the shipment.

In Bernstein v. Weir, 40 Misc. Rep. 635, 83 N. Y. Supp. 48, the following general principles were enunciated by this court in its discussion of the authorities applicable: (1) That the person authorized to deliver property for shipment is thereby authorized to enter into any special contract necessary; (2) that the receipt, in the absence of fraud or imposition, is the contract of shipment, and the rights of the parties are determined by its terms; (3) that the limitation of recovery to the sum of $50, where no value is declared, is valid, even where the loss is caused by negligence.

The distinction between so-called "baggage" and "freight" cases is pointed out in Zimmer v. N. Y. C. & H. R. R. R. Co., supra, where the court say:

"Cases where parties, proposing to have articles of property transported by a common carrier, deliberately enter into some necessary contract relating to the transportation, differ materially from those cases of travellers who commit their trunks, or articles of baggage, to an agent of some express or transfer company, and receive at the moment some paper, which, as it has been said, amounts simply to a voucher enabling them to follow and identify their property. Madan v. Sherard, 73 N. Y. 329, 29 Am. Rep. 153. The difference is very obvious in the circumstances, which in the one case usually admit of no negotiation or discussion, while in the other the shipment of the property is a matter of arrangement, with full opportunity for deliberate action."

There an agent employed to effect the transportation of a valuable horse was held to be authorized to enter into a special contract of limited liability, irrespective of the principal's ignorance thereof, and even though he had no such authority as a matter of fact from his principal.

In Bates v. Weir, 121 App. Div. 275, 105 N. Y. Supp. 785, the plaintiff, a resident of Washington, left certain lace with one Mrs. O'Dell in this city, with directions to hold the same after it had been cleaned until called for. Notwithstanding those directions Mrs. O'Dell shipped the lace by Adams Express Company addressed to the plaintiff at Washington. Mrs. O'Dell declared no value on the shipment, and received the usual express receipt containing the limited liability clause. The Appellate Division, Second Department, held that the plaintiff could recover only the sum of $50. In the course of the opinion the court, by Miller, J., say:

"Had the plaintiff specially instructed Mrs. O'Dell to express the lace without making a special contract, she would have been bound by the contract made, although unauthorized; and it does not seem to me that she can rely upon obligations growing out of the fact of shipment, without ratifying the shipment. If she repudiates a part of the transaction, she must repudiate it all, in which case she cannot assert that the defendant ever became as to her a common carrier or a bailee for hire, or that it owed her any duty greater than that of a gratuitous bailee, which, as I have said, was the duty not to destroy nor injure by gross negligence or some willful act. Mulgrave v. Ogden, 1 Cro. Eliz. 219; Tancil v. Seaton, 28 Grat. (Va.) 601, 26 Am. Rep. 380; Smith v. Nashua & Lowell R. Co., 27 N. H. 86, 59 Am. Dec. 364; Beardslee v. Richardson, 11 Wend. (N. Y.) 26, 25 Am. Dec. 596. The foregoing reasons for reversing this judgment (it cannot be pretended that it is based on anything but a breach of the defendant's duty as a common carrier) seem to me unanswerable, but they are reinforced when considered in the light of the nature of the defendant's business and the duties and obligations imposed on it. It is bound to accept all goods tendered and to carry them for a reasonable charge. Of course, this does not mean that it must accept stolen property; but in practical effect the carrier must rely on the possession of the person tendering the property as giving him authority to contract, unless there are circumstances which should apprise it of the contrary. Before undertaking to become an insurer, it is but reasonable that the defendant should know the nature and value of the property, not only for the purpose of determining the extent of the liability incurred, but as well the degree of care to be exercised and the charge which would be reasonably commensurate therewith. The contract made in this case was a reasonable contract, as the courts of this state have said, and if the carrier acts in good faith, and without notice of facts which should apprise it of the shipper's want of authority, it should have the right to insist that it never voluntarily assumed any obligations, except in accordance with the terms of the contract of shipment, so far as those terms are not inconsistent with the law. The negligence in this case was that of the sender, who delivered to the defendant property worth $6,000 without apprising it of its value; and, whether the plaintiff has a cause of action against the sender or not, she should not be permitted to claim

damages for a violation of duty growing out of the contract of shipment without adopting that contract."

In Halstead v. Postal Telegraph Co., 120 App. Div. 433, 104 N. Y. Supp. 1016, principles applicable to the case at bar were considered. There the defendant was sued for damages for a mistake in a telegram sent by a third person at the request of the plaintiff. In their discussion of the contract of limited liability signed by the sender, the court say:

"This was signed by the sender, who was acting at the request of the plaintiffs, and might properly be regarded as the plaintiffs' agent for such purposes, if it was important to consider this view of the case. * * * It might have been said, with equal force, that as the regulation was a reasonable one on the part of the company, and it was not obliged to accept the duty of transmitting the same except upon a compliance with such regulation by the sender, no higher obligation could be predicated in favor of the plaintiff than that which the company accepted. If the defendant in the case at bar had been obliged to accept and transmit the message without regulations, then it would assume its common-law obligations; but having the right to make regulations, and being under no obligation to accept the message for transmission unless the parties interested agreed to abide by such reasonable regulations, and it appearing that the sender did sign the blank provided by the company, and which contained the limitations above mentioned, it must be presumed that the company undertook the duty only as thus limited by its reasonable regulations, and whether the action is deemed to rest upon the contract of the sender, or to result from a breach of duty, the limitation upon the amount of damages to be recovered being reasonable, the plaintiff has no standing to maintain this action unless he is the real principal in the transaction, and then only to the extent of the amount paid for the transmission of the message. * * * The right to make a reasonable regulation is a right on the part of a public or quasi public corporation to refuse to perform a duty except upon compliance with such regulations, and while the defendant might waive such regulations, and accept the duty of transmitting messages under its common-law liabilities, where it provides blanks and accepts messages only under such regulations, it owes no duty higher than that provided in its regulations."

In Kanevky v. N. Y., Ont. & W. R. R., 53 Misc. Rep. 564, 103 N. Y. Supp. 727, a "baggage" case, where the 15-year old son of the plaintiff, sent to check a trunk, signed a receipt releasing the railroad company from all liability, this court said:

"Moreover, the release of liability was signed by the person whom the plaintiff had intrusted with the duty of preparing the trunk for shipment and of attending to checking the same. The fact that her son was a minor did not incapacitate him from acting as an agent; the well-known rule being that contracts made by an infant as an agent are binding upon the principal. 1 Am. & Eng. Enc. of L. (2d Ed.) p. 945; Avery v. Fisher, 28 Hun, 508. 'The agent to whom the owner trusts goods for delivery must be regarded as having authority to stipulate for the terms of transportation' "—citing, among other cases, Zimmer v. N. Y. C. & H. R. R. R. Co., supra.

The office of the common carrier is one of the few which under ordinary conditions must be exercised upon the requirements of any person bringing goods for transportation, and the principles which we have discussed and applied to the facts of this case are salutary in their effect, in that they promote the efficient discharge of that office, and, moreover, they are consonant with the modern doctrine which we have outlined. It is no longer open to question, therefore, that in the absence of fraud or imposition the rights of carrier and

shipper must be controlled by whatever written contract is entered into at the time property is received for transportation.

It follows that the judgment appealed from must be reduced in amount to $50, and, as so modified, affirmed, without costs.

Judgment reduced to $50, and, as so modified, affirmed, without costs. All concur.