Appellate Term, First Department, May, 1917.    [Vol. 100.

WILLIAM H. MILLER, as Treasurer of the Grand Lodge
of F. & A. M. of the State of New York, Respondent,
*v.* GEORGE C. TAYLOR, as President of the American
Express Company, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1917.)

Principal and agent — authority of agent — carriers — evidence —
contracts.

> Plaintiff's agent after requesting defendant, an express
> company, to call at his hotel for a suit case and transport it to
> a certain destination, left it with the hotel clerk with directions
> to deliver it to the expressman. In an action for the value of
> certain articles missing from the suit case which had been
> broken open, *held*, that the hotel clerk upon complying with
> the directions given him by plaintiff's agent became the agent
> of plaintiff and was authorized to receive a receipt limiting the
> defendant's liability to fifty dollars.

> Proof of a demand and refusal to deliver the lost goods was
> insufficient to constitute a conversion thereof abrogating the
> contract of shipment; there must be proof of an actual con-
> version not one implied from a failure to deliver.

APPEAL by defendant from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, fifth district, rendered in favor of plain-
tiff, after a trial before the court without a jury.

Carter, Ledyard & Milburn (Milton C. Lightner, of
counsel), for appellant.

John A. Dutton, for respondent.

DELEHANTY, J. Upon the stipulated facts, it
appears that one Joseph McElroy, whose name
appears in the receipt as the shipper, was the agent
of plaintiff, who requested the defendant express

company to call at the hotel in Penn Yan for a suit case which he had left there and to transport it to a certain address in the city of New York. McElroy left the case with one Bowne, the clerk of the hotel, directing him to give it to the expressman. No terms of shipment were agreed upon or discussed with the express company by either McElroy or Bowne, the latter only receiving the usual receipt for transporting and by which the liability of the carrier was limited to fifty dollars. It appears that on delivery of the suit case at its place of destination, it was found to have been broken open and certain articles missing therefrom. The trial court gave judgment for plaintiff for $335, the value of the lost articles, and the sole point presented for determination herein is whether the money liability of the defendant can be extended beyond the amount fixed by the receipt in question. The crucial point involved is as to the authority of Bowne, under the circumstances presented, to enter into the contract of shipment made. In other words, was he the agent of plaintiff in so doing? We think he was within *Knapp* v. *Wells Fargo & Co.* 134 App. Div. 712, and *Addoms* v. *Weir,* 56 Misc. Rep. 487. In the *Knapp* case, plaintiff, a guest at a hotel, went to the office of defendant and left an order for it to call for her suit case at the hotel. This was done, and the hotel clerk given a receipt therefor, containing a limitation of liability to fifty dollars. The plaintiff was held bound by the contract. In the *Addoms* case, a guest at a hotel gave to a bell-boy a package to be handed to the Adams Express Company, and the court there held that " the agent to whom the owner entrusts goods for delivery must be regarded as having authority to stipulate for the ordinary terms of transportation." Citing cases.

The instant case is very much in point of fact like

the authorities cited, and is distinguishable from *Waldron* v. *Fargo,* 170 N. Y. 130, and *Hailparn* v. *Joy S. S. Co.,* 50 Misc. Rep. 566, relied upon by respondent, in that no contract of transportation was made by McElroy with the express company, he simply directing that it go to the hotel and get the suit case from the hotel clerk   Under   the circumstances, Bowne, the hotel clerk, was constituted the agent of McElroy for all purposes necessary to the shipment and authorized to make the contract in question.

Respondent, however, claims that if it be held that the receipt constituted a contract between the parties the express company is nevertheless liable on the theory of conversion. There is an allegation of wrongful withholding in the complaint, but the language used is in connection with the ordinary breach of contract in carrier cases. The learned trial court, however, held that the proof made out a case of conversion and an abandonment of the contract of shipment. We think the conclusion reached was erroneous.

The record fails to show any proof of conversion other than a demand and refusal to deliver the property in question, and that in itself, under the authorities, is insufficient to constitute a conversion abrogating the contract of shipment. There must be proof of " an actual conversion," not one implied from a failure to deliver. *Wamsley* v. *Atlas Steamship Co.,* 168 N. Y. 533; *D'Utassy* v. *Barrett,* 171 App. Div. 172; *Magnim* v. *Dinsmore,* 70 N. Y. 410. While concededly there was a loss of articles in transit from plaintiff's suit case, how, where or when it occurred we are not told. To sustain a conversion, we are not permitted to indulge in the presumption that the company itself stole the goods, the only theory upon which plaintiff would be able to recover in a conversion action.

It follows that the judgment appealed from must be

modified by reducing the same to the sum of fifty dollars, and appropriate costs in the court below, and, as so modified, affirmed, without costs in this court.

GUY and COHALAN, JJ., concur.

Judgment modified, and, as so modified, affirmed, without costs.