ELIZABETH H. WALKER, Appellant, v. GEORGE C. TAY-
LOR, as President of the AMERICAN EXPRESS COMPANY,
Respondent.

Second Department, February 21, 1919.

**Carriers — when local stage line not a common carrier — when
such stage line authorized as agent to make contract with express
company limiting shipper's liability.**

Where, in an action against an express company for damage to trunks
by fire and water, it appeared that the plaintiff sent her trunks to a
railroad station by a local stage line and told the driver to express them
to her home, and that she would prepay the express charges; that said
driver gave her no receipt and on the next morning she paid the charges
and received from the stage line the defendant's receipt limiting the
amount of its liability, the local stage line was not the initial carrier, but
was the plaintiff's agent for the purpose of expressing the trunks with
authority to stipulate for the usual terms of transportation, so that the
defendant's liability was properly limited by the terms of the receipt,
although plaintiff claims that she did not read the same.

The local stage line was not a common carrier, within the meaning of sub-
division 9 of section 2 of the Public Service Commissions Law.

APPEAL by the plaintiff, Elizabeth H. Walker, from a
judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Westchester
on the 12th day of March, 1918, upon the verdict of a jury
rendered by direction of the court, and also from an order
entered in said clerk's office on the same day denying plaintiff's
motion for a new trial made upon the minutes.

*Walter J. Randolph* [*Humphrey J. Lynch* on the brief],
for the appellant.

*Joseph B. Thompson,* for the respondent.

JAYCOX, J.:

The plaintiff appeals from a verdict directed in her favor for
the limited amount of liability mentioned in a receipt issued
by the defendant. The plaintiff on October 3, 1916, sent
her trunks from Brant Lake to Riverside, N. Y. (the rail-
road station), by a local stage line known as Parker's Express.
The plaintiff told the driver of the automobile truck to take

her trunks and express them to Rye Beach avenue, Rye, N. Y. She told the driver that she would prepay the express charges and that she would stop the next morning and pay him. He gave her no receipt. The next morning she went to the office of Parker's Express at Riverside, paid the charges and received the defendant's receipt above mentioned. Some few days afterwards the plaintiff's trunks were delivered at their destination so badly damaged by fire and water as to be practically a total loss.

The vital point in the case is whose agent was Parker's Express when it took the receipt from the defendant. The plaintiff did not regard Parker's Express as a common carrier and attempt to express her trunks by it to her home at Rye. She employed it for the limited and special purpose of taking her trunks to Riverside and there expressing them. She took no receipt from that company, thus indicating that the trunks were still in the possession of her agent. She was told by the man at Parker's Express Company's office that he had paid four dollars and forty-four cents express charges from Riverside to Rye and he charged her two dollars and fifty cents for bringing the trunks from Brant Lake to Riverside. At that time she received the receipt of defendant which limits its liability to one hundred dollars. This receipt she claims she did not read. The trunks were thus sent to Riverside by an agency of her own selection. If she wished to charge the defendant with responsibility for the agency by which the trunks were transmitted from Brant Lake to Riverside, she should have permitted the defendant to make the selection. The plaintiff contends that Parker's Express is a common carrier and, therefore, not her agent. If it be conceded that Parker's Express is a common carrier, the conclusion contended for does not necessarily follow. From the facts stated above the conclusion that Parker's Express was not the initial carrier in a shipment from Brant Lake to Rye is inescapable. That being so, the conclusion necessarily follows that it was the plaintiff's agent for the purpose of expressing these trunks. Parker's Express may for some purposes be a common carrier and still not be defendant's agent for this purpose, and there is nothing in *Polack* v. *O'Brien* (114 App.

**546** BRODERICK *v.* BROOKLYN, QUEENS COUNTY & S. R. R. CO.

Second Department, February, 1919. [Vol. 186.

Div. 366) to the contrary. Parker's Express Company must, therefore, be regarded as having authority to stipulate for the usual terms of transportation. (*Knapp* v. *Wells, Fargo & Co.,* 134 App. Div. 712; *Hoffman* v. *Metropolitan Express Co.,* 111 id. 407; *Addoms* v. *Weir,* 56 Misc. Rep. 487.) Parker's Express Company does not come within the definition of a common carrier in subdivision 9 of section 2 of the Public Service Commissions Law (Consol. Laws, chap. 48 [Laws of 1910, chap. 480], as amd. by Laws of 1913, chap. 444).

The judgment and order appealed from should be affirmed, with costs.

Present — JENKS, P. J., RICH, PUTNAM, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.