Arnold Gt. Fraiman, J.
This is a motion by defendant American Airlines, Inc. (American) for summary judgment in favor of plaintiff in the sum of $500. Defendant Allied Aviation Services, Inc. (Allied) also moves for summary judgment dismissing the complaint or, in the alternative, it joins in American’s motion limiting plaintiff’s recovery to $500. Finally, plaintiff cross-moves for summary judgment in its favor for the full amount contained in its complaint wherein it seeks to recover $43,608, representing the alleged value of a sample case lost by defendants.
Allied provides skycaps who handle passenger baggage for American Airlines. On August 11, 1967, plaintiff’s salesman, *665 Bernard Goldman, checked a two-piece sample case at La Guardia Airport with a skycap employed by Allied. The sample case contained watches and other jewelry. Goldman was on his way to Chicago on an American Airlines flight. He was employed as a commission salesman for plaintiff, covering a territory in the west and southwest. He had been to New York for a trade show and was returning to an office he maintained in Chicago. For the purpose of this motion, American has conceded that the sample case was checked with it. Upon receiving the case, the skycap gave Goldman two baggage claim checks. When these were presented in Chicago, the sample case was not produced and American concedes it has been unable to ascertain what happened to it.
The claim checks given to Goldman bore the following printed legend: “Baggage liability limit $500 per passenger unless excess value declared and additional charges paid. Different limit for international carriage. See Tariffs.” No excess value was declared or additional charges paid by Goldman. The principal issue on these motions is whether this purported limitation of liability restricts plaintiff’s recovery to $500. American contends that it does. The sole defense raised by plaintiff in opposition to the motion is that Goldman was not authorized by plaintiff to enter into any agreement on its behalf limiting American’s liability for loss of the sample case. Allied’s motion for summary judgment dismissing the complaint against it is on the ground that the case was not in its possession or control at the time of the loss. It joins, in the alternative, in American’s motion limiting plaintiff’s recovery to $500 on the theory that any liability on its part arose as American’s agent and it would thus also be entitled to the limitation of liability contained in the claim checks.
Goldman had been a salesman for plaintiff for at least 12 years prior to this incident. He was paid on a commission basis and received no salary or allowance for travel expenses. Plaintiff provided him with the sample case in question and also furnished him with a line of watches and jewelry which were to be used solely for display to potential customers. The sample case and its contents belonged to plaintiff. The watches and jewelry, which were to be returned at plaintiff’s request, were retained by Goldman during most of the year and were taken with him on various trips throughout his assigned territory. At his examination before trial, Goldman testified that he takes 20 to 25 plane trips a year mostly on American Airlines, and plaintiff concedes that it knew that Goldman traveled by air from time *666 to time. Plaintiff also knew that Goldman would be returning with the sample case to Chicago after the trade show. However, pursuant to standard security measures in the trade, Goldman never discussed his travel plans with anyone and no one in plaintiff’s employ knew exactly how he would travel. Other than general instructions to be careful, plaintiff at no time gave Goldman any instruction as to how he should transport the sample case.
The only inference permissible from these facts is that Goldman was plaintiff’s agent with respect to the care of the sample ease and its contents. By expressly authorizing Goldman to carry the sample case with him for the purpose of displaying its contents to his customers and in connection with the trade show, plaintiff clearly contemplated that the sample case would accompany'him when he traveled by air, as plaintiff knew he did. Accordingly, the authority conferred on Goldman to carry the case included the authority to contract for its transportation as an act necessarily incidental thereto. (Reguera v. Calderon, 27 A D 2d 371; see, also, Restatement, Agency 2d, §§ 35, 50, 200.) Moreover, plaintiff’s acquiescence over the years in allowing Goldman to carry the case in whatever manner he thought advisable is further indication that his contracting with American for its transportation was authorized by plaintiff. (Restatement, Agency 2d, § 43.)
Having found that Goldman, as plaintiff’s agent, was authorized to transport the sample case, it follows that he was authorized to contract as he did with American, for it is well settled that the authority to an agent to ship goods includes the right to agree to customary transportation contracts which limit liability. (Jennings v. Grand Trunk Ry., 127 N. Y. 438; Universal Ltd. v. Stern & Co., 34 A D 2d 770; Addoms v. Weir, 56 Misc. 487.) The case of Lux Art Van Serv. v. Pollard (344 F. 2d 883) relied on by plaintiff, is inapposite. There, unlike the instant case, plaintiff had not given the party who had possession of the chattel in question any authority to transport it or do any act which necessarily required its transportation.
Turning briefly to the motion of Allied for summary judgment dismissing the complaint as to it, the question whether Allied is free from fault cannot be summarily determined. However, since Allied received the case as agent for American, the limitation of liability set forth on American’s claim checks inures to its benefit.
For the foregoing reasons, Allied’s motion for summary judgment in its behalf is denied; American’s motion and Allied’s *667 alternative motion for summary judgment for plaintiff in the amount of $500 are granted; and plaintiff’s cross motion for summary judgment for the full amount sought in the complaint is denied.