FREDERICK L. MILLS, Respondent, v. LEVI C. WEIR, as President of the ADAMS EXPRESS COMPANY, Appellant.

*Receipt of an express company — it binds the shipper — when a delivery to another company fulfills its obligation.*

An express company, upon accepting a trunk for transportation, delivered to the shipper a receipt stating that the trunk was to be "forwarded to our Agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation;" that the express company might intrust the trunk to the possession of other carriers, and that, if it did so, such other carrier was to be regarded as the agent of the shipper or owner, and that the express company should not be responsible for any negligence or dereliction of duty on the part of such other carrier. The shipper did not testify that he did not read the receipt.

*Held,* that the terms of the receipt were binding upon the shipper and constituted the measure of the express company's obligation to him;

That, when the express company forwarded the trunk to the agency nearest or most convenient to its destination, and delivered it to another carrier to complete the contract of transportation, it had performed the obligation resting upon it and was not liable to the shipper in the event of the loss of the trunk while in the possession of such other carrier.

APPEAL by the defendant, Levi C. Weir, as president of the Adams Express Company, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 21st day of January, 1903.

*R. R. Rogers,* for the appellant.

*Harold D. Watson,* for the respondent.

WILLARD BARTLETT, J.:

Upon the evidence in this case I think that the defendant, instead of the plaintiff, was entitled to judgment.

The plaintiff delivered a trunk to the defendant, at a house in Liberty, N. Y., to be carried to Brooklyn, N. Y. At the time of such delivery he received from the defendant's agent a signed receipt, partly in writing and partly in print, the material portions of which are as follows:

"ADAMS EXPRESS COMPANY,
                    "LIBERTY, N. Y., 9/2, 1902.

"Received of owner TK.

"Marked F. L. Mills, Bklyn, N. Y.

"Which it is mutually agreed is to be forwarded to our Agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation.

"It is a part of the consideration of this contract, and it is agreed, that the said Express Company Are Forwarders Only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the Carriers to whom the same may be by said Express Company entrusted. * * * And if the same is entrusted or delivered to any other Express Company or Agent (which said Adams Express Company are hereby authorized to do), such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and as such, alone liable, and the Adams Express Company shall not be, in any event, responsible for the negligence or non-performance of any such company or person."

The trunk was brought by the defendant to the borough of Manhattan and there delivered to the New York Transfer Company, which makes deliveries for the Adams Express Company in Brooklyn. It never reached its destination in the latter borough, and the plaintiff seeks in this suit to recover the value of its contents from the Adams Express Company.

The first question to be determined is whether the plaintiff was bound by the contents of the receipt. He accepted it when he delivered the trunk to the Adams Express Company, and he does not testify that he did not read it. That it was his duty to read it is apparent, at least so far as to ascertain what the Adams Express Company undertook to do with reference to his trunk. (*Kirkland v. Dinsmore*, 62 N. Y. 171, 179.) A perusal to that extent would have informed him that the limit of its undertaking was to forward the trunk to the agency of the Adams Express Company most convenient to the destination, and there deliver it to other parties to complete the transportation. Further examination would have shown him that by the acceptance of the receipt he authorized the transfer of the trunk to other express companies for this purpose. The case cited is authority for holding that he must be presumed to

have assented to the terms contained in the receipt when he took it upon the delivery of the trunk. "The acceptance by the shipper," says ANDREWS, J., "on the delivery of goods for transportation to a carrier, of a receipt or bill of lading signed by the carrier expressing the terms and conditions upon which they are received and are to be carried, constitutes, in the absence of fraud or imposition, a contract controlling the rights of the parties." (Citing *Collender* v. *Dinsmore*, 55 N. Y. 200; *Magnin* v. *Dinsmore*, 56 id. 168; *Hinckley* v. *N. Y. C. & H. R. R. R. Co.*, Id. 429.) And the party accepting the receipt cannot escape from the terms of the contract, under such circumstances, simply because he may negligently have omitted to read it, when the carrier has a right to infer his assent.

The case of *Belger* v. *Dinsmore* (51 N. Y. 166) was an action against the president of this same express company, to recover the value of a trunk which never reached its destination. The receipt contained stipulations limiting the common-law liability of the company, and it was held that, in the absence of fraud, concealment or other improper practice, the law would presume that such stipulations were known to the party accepting the receipt and assented to by him.

The cases of *Blossom* v. *Dodd* (43 N. Y. 264); *Madan* v. *Sherard* (73 id. 329), and *Springer* v. *Westcott* (166 id. 117) decide nothing in conflict with the views which I have expressed in reference to the effect of the acceptance of the receipt in the case at bar. In the *Blossom* case the paper was given to the plaintiff in exchange for his baggage checks in a train late at night, was illegible in the existing light, was unsigned in fact, and had no appearance of being a contract. As was said of these facts in *Kirkland* v. *Dinsmore* (*supra*): "The circumstances in that case repelled the idea of a contract. The plaintiff received the card or ticket under circumstances indicating to him that it was given merely for his convenience and protection to enable him to identify the baggage on delivery, and that he might know in whose possession it was." In the *Madan* case the circumstances under which the receipt was given were very similar. In the *Springer* case the receipt was handed to the passenger folded up, and the express messenger did not tell her nor did she know what it contained. All three cases related to papers given in exchange for baggage checks to travelers in railway

trains, and they go no further than to decide that the contents of such papers cannot be deemed binding upon the traveler unless delivered to him under such circumstances as to constitute notice of their character. The distinction has often been pointed out between these baggage express cases and the shipment of articles by an ordinary express company, whose agreement of transportation is rarely oral, but almost invariably found in its receipt; and it is a distinction which renders the baggage express cases inapplicable as authorities to the facts of the case at bar.

Having reached the conclusion that the terms of the receipt were binding upon the plaintiff and constitute the measure of the defendant's obligation to him, we have to inquire, in the second place, whether the defendant has fulfilled that obligation. The proof is that it has. It conveyed the plaintiff's trunk to the borough of Manhattan and turned it over to another express company "to complete the transportation" to Brooklyn, as it was authorized to do by the language of the contract. Having done this, it had fully performed its agreement, and it has become discharged of all further liability to the plaintiff.

It follows that the defendant is entitled to a reversal of the judgment and a new trial.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.