## HOFFMAN v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. CARRIERS—BILL OF LADING—FORCE AS CONTRACT.

     A receipt or bill of lading issued by an express company is a contract between the company and the shipper and the latter, in the absence of misrepresentation, fraud, or concealment, is bound by its terms, and cannot set up his failure to read it to prevent its legal effect.

     [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 148, 166.]

2. SAME—INSTRUCTIONS.

     In an action against an express company for damage to property while in its possession, error in instructing that plaintiff was not bound by the receipt given to her for the property, unless she knew the terms of the agreement contained therein, was not cured by a statement that, if the

receipt was given to her without any concealment of its contents, and she could by the exercise of due care have ascertained what it was, then it constituted a contract.

**3. EVIDENCE—ADMISSIONS OF SERVANT.**

In an action against an express company for injuries to property while in its possession as a carrier, evidence of an admission by one of defendant's servants, after the delivery of the property, that it was not in good condition when delivered, was not admissible.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 910–912.]

Appeal from Trial Term, Westchester County.

Action by Sophia C. Hoffman against the Metropolitan Express Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Arthur K. Wing, for appellant.
J. Addison Young, for respondent.

MILLER, J. The plaintiff has recovered a judgment for injuries to a painting alleged to have been caused while in the defendant's possession as a common carrier. The plaintiff's evidence tended to show an oral contract to carry the property by van without rehandling from her residence in the city of New York to a place of New Rochelle. The defendant admitted receiving the property for carriage, but denied the special contract, claiming that it was to be carried by van to the defendant's station and there transferred to a car, as was done. The defendant disputed that the picture was injured while in its possession, and sought exemption from liability under the usual receipt or bill of lading claimed to have been delivered to the plaintiff upon the receipt of the property. The plaintiff denied that any receipt or bill of lading was given, claiming that she received merely a duplicate of the tags placed on the different articles shipped, containing simply a description of the articles, which, however, she says she did not read. Neither the original nor duplicate receipt was produced at the trial, but an alleged copy was produced which the witness admitted was only made a few days before the trial. By the charge of the learned trial court the verdict of the jury was made to depend upon two questions of fact, viz., first, whether the property was negligently injured by the defendant, and, second, whether the parties agreed upon the terms contained in the shipping receipt claimed to have been delivered by the defendant to the plaintiff. Respecting the latter question, the court charged the jury:

"So, if you find that this woman agreed to the terms of this paper which the company produce, then she is bound by its terms, and she is defeated in this lawsuit. But if you find that she did not know the terms of the agreement, that no steps were taken by the party who presented it to her to bring it to her knowledge, that the printed matter on the paper was never called to her attention, that it was given to her as a receipt only for the goods, and she was unaware of the fact that it contained unimportant statements binding her, depriving her of certain legal rights that she otherwise would have had in making this bargain with the company, then you may take that and all these things into consideration in deciding whether there was such an agreement or not."

An exception was taken to this portion of the charge, and the court was requested to charge that:

"If this contract, this yellow paper, Exhibit No. 2, was given to the plaintiff by this defendant, at the time of the receipt by the latter of these goods for shipment, and if there was no fraud or misrepresentation upon the part of the defendant, the contract as constituted is binding and becomes the contract of shipment in this case."

To which the court replied:

"I will say this: That, if they gave her the paper, Exhibit No. 2, at the time the contract was entered into, and made no concealment of its contents, and she could by exercise of due care have ascertained what it was, then it is a contract."

And an exception was taken to the refusal of the court to charge as requested. This charge did not correctly state the rule of law applicable, and must have misled the jury upon a vital point in the case, because the proposition is now too well settled to admit of discussion that the receipt or bill of lading is the contract (Long v. N. Y. C. R. R. Co., 50 N. Y. 76; Hinckley v. N. Y. Cen. & H. R. R. R. Co., 56 N. Y. 429), and that the shipper who receives it without objection, in the absence of misrepresentation, fraud, or concealment, is bound by its terms and cannot set up his failure to read it in order to prevent its legal effect (Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575; Germania Fire Ins. Co. v. M. & C. R. R. Co., 72 N. Y. 90, 28 Am. Rep. 113; Hill v. S., B. & N. Y. R. R. Co., 73 N. Y. 351, 29 Am. Rep. 163; Mills v. Weir, 82 App. Div. 396, 81 N. Y. Supp. 801). Manifestly the portion of the main charge quoted conflicts with this rule, nor was the error cured by the response to the request to charge which in effect made the question depend upon whether the plaintiff exercised "due care" in apprising herself of the contents of the receipt. If the receipt was given to her, she was bound to know its contents, unless prevented by some artifice or misrepresentation. The respondent contends that the jury could have found that the alleged receipt was never in fact delivered to the plaintiff, but we cannot say that the jury ever passed on this question. The charge authorized the jury to find that, even if the receipt was delivered as claimed, it did not constitute a contract between the parties, unless the plaintiff knew its contents so that there was a meeting of the minds, or, at least, unless in the exercise of due care she ought to have apprised herself of its contents. We might say that due care required the shipper to read a receipt delivered to him under such circumstances, but injecting that question into the case could have had no other effect than to mislead the jury, particularly where the court in the main charge had distinctly called attention to the fact that the receipt was not the agreement of the parties unless the plaintiff knew its contents.

The respondent also contends, under the authority of Maghee v. Camden & Amboy R. R. Co., 45 N. Y. 514, 6 Am. Rep. 124, that the defendant, having departed from the terms of the oral contract testified to by the plaintiff by conveying the property over a portion of the route by car instead of all the way by van without rehandling, became an insurer, without regard to the exemption contained in the shipping receipt; but the difficulty with this position is that we cannot

know whether the jury resolved that question in favor of the plaintiff. The defendant denied the making of any such agreement, and for aught that we know the jury may have found that none was made. Indeed, that question was not distinctly presented to the jury by the learned trial court, and the jury may never have passed upon it at all. Were the question presented, it might be necessary to determine whether the alleged parol agreement constituted a variance of the written instrument, and whether all the prior negotiations were merged into the written receipt.

Irrespective of the foregoing, this judgment will have to be reversed for an error in the admission of evidence. The plaintiff was permitted to prove as a part of her case statements made by one of the defendant's servants after the delivery of the property, to the effect that the goods were not in good condition when delivered. Manifestly this was reversible error, because upon no possible theory could the defendant be bound by the admission of its employé after the transaction.

The judgment and order must be reversed, and a new trial granted, costs to abide the event. All concur.