. [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 663–667, 708–710.]

Appeal from Justice's Court.

Action by Eleanor Lansing against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff in a justice's court, defendant appeals. Modified and affirmed.

Lewis, Watkins & Titus, for appellant.
Frank Shall, for respondent.

DEVENDORF, J. The complaint alleges that, in April, 1905, at Engleside Station, Pa., defendant agreed with plaintiff to safely carry to and deliver at Little Falls, N. Y., certain household goods, and that the defendant failed in that regard, and that the said goods, by reason of the defendant's failure to carry out the contract aforesaid, were damaged in the course of such transportation to the amount of $40.

The justice is well sustained in his findings by the evidence, excepting as to the amount of the recovery.

The arrangement for the transportation of the goods in question was made by the plaintiff's sister, acting as her agent at Engleside, above mentioned; the plaintiff, at the time, being and residing at Little Falls aforesaid. Upon the delivery of the goods at the station for transportation there was given to the plaintiff's agent a bill of lading upon which was plainly and legibly stamped in red letters as follows:

"Valuation restricted to $5.00 per 100 pounds."

"The consignor of this property has the option of shipping same at a higher rate without limitation as to value in case of loss or damage from causes which would make the carrier liable, but agrees to the specific valuation named in case of loss or damage from causes which would make the carrier liable because of the lower rate thereby accorded for transportation."

Upon the trial plaintiff's said agent testified that she read the foregoing, but did not understand the meaning of it. I think, under the facts shown in the case, this shipping receipt or bill of lading, in the form in which it was delivered to the plaintiff's agent, became the contract between these parties for the transportation of these goods in question. Consequently, the respective rights of the parties in the matter in dispute are governed by the stipulations therein contained. I appreciate the fact that there are apparent distinctions in this line of cases, as pointed out by the authorities; but I think the facts disclosed bring this case within the law stated in Germania. Fire Ins. Co. v. Memphis & Charlestown R. R. Co., 72 N. Y. 90, 28 Am. Rep. 113, and the authorities to the same effect mentioned therein. It is well settled that the shipping receipt or bill of lading, under ordinary circumstances and unless facts are shown to the contrary, is the contract between the shipper and the common carrier (Hoffman v. Metropolitan Express Co., 111 App. Div. 407, 97 N. Y. Supp. 838, and cases cited therein), and that the shipper who receives it without objection, in the absence of imposition, misrepresentation, fraud, or concealment, is bound by its terms and cannot set up his failure to read or understand in order to prevent it legal effect. 111 App. Div. 407, 97 N. Y. Supp. 838; Mills v. Weir, 82 App. Div. 396, 81 N. Y. Supp. 801.

I have come to the conclusion that the recovery herein should have been limited to $5 per 100 pounds, as stated in the contract; and, the parties having stipulated in open court that the recovery in that event would be $14.80, the judgment is reduced to said amount, and, as so reduced, affirmed, without costs to either party as against the other.

Judgment reduced, and, as so reduced, affirmed, without costs to either party.