### KNAPP v. WELLS, FARGO & CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. CARRIERS (§ 155*)—LOSS OF GOODS—LIMITED LIABILITY—AGENT OF SHIPPER.

　　A guest at a hotel left an order at the office of an express company to procure her goods at the hotel and transfer them to a designated point. Subsequently she directed the hotel clerk to deliver the goods to the company and take a receipt for her. The hotel clerk complied, and received

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a receipt limiting the company's liability to $50 in the absence of the giving of a greater value of the goods. *Held.* that the hotel clerk was the guest's agent, with authority to contract for a limited liability.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 683; Dec. Dig. § 155.*]

2. CARRIERS (§ 49*)—CONTRACT OF CARRIAGE—VALIDITY.

A receipt issued by an express company is a contract between the parties, and the shipper, receiving it without objection, is bound thereby, in the absence of artifice or concealment, and he cannot overcome its legal effect by failing to read it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 143; Dec. Dig. § 49.*]

Appeal from Broome County Court.

Action by Emily Knapp against Wells, Fargo & Co. From an order setting aside the verdict for plaintiff, and granting a new trial unless she stipulates to reduce the verdict to $50, she appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. J. & F. W. Welsh, for appellant.

Alexander & Green (Clifton P. Williamson, of counsel), for respondent.

COCHRANE, J. The defendant is an express company and a common carrier of goods for hire. Plaintiff, who was temporarily sojourning at the Fifth Avenue Hotel in the city of New York, went to the defendant's office in that city and left an order for the defendant to procure a dress suit case, with its contents, at the hotel on the following day, and transport it to Hackensack, in the state of New Jersey. She told the clerk of the defendant that the suit case would be in her room at the hotel, that the room would be open, that she would not be. there, and gave the number of the room. She subsequently told the hotel clerk that the defendant would call for the suit case, that she would be out, and asked him to take the receipt for her, which he did. On her return to the hotel after the suit case had been taken by defendant, she asked for and was given the receipt, which she retained, but did not read. This receipt was in the usual form given on such occasions, and contained various provisions including a provision that the liability of the defendant was limited to $50 unless a greater value of the property was therein stated. No value appears to have been asked of either plaintiff or the hotel clerk, and none was given. The suit case was lost while in charge of defendant.

The question submitted to the jury was whether the plaintiff was made aware of the contents of this receipt, and they were left at liberty to ignore the limited liability clause and award the plaintiff a verdict for the value of the property if they found that such limited liability clause had escaped her attention. She recovered a verdict for the full value of the property, and the court granted the defendant's motion to set aside the verdict unless she would stipulate that it be reduced to $50.

The hotel clerk was by the act of plaintiff constituted her agent for the purpose of delivering the property to defendant, and was authorized to make the contract for limited liability evidenced by the receipt. Addoms v. Weir, 56 Misc. Rep. 487, 108 N. Y. Supp. 146. She in effect told him not to let her property go into the possession of defendant without a receipt, and virtually placed it in his possession for delivery to defendant. According to her final instructions, defendant could not get the property, except through this clerk, designated by herself, and then only upon delivery to him of the receipt. He was the only person with whom the defendant could contract for a limited liability, and for the reasons stated in the case cited I think he had authority so to contract in behalf of plaintiff. This view of the situation justifies the order setting aside the verdict, because, as held by the learned county judge, of an erroneous refusal to charge the jury as requested by defendant that the hotel employé was the agent of plaintiff and authorized by her to stipulate for a limited liability. This employé was not called as a witness, and the jury, if charged as requested, might have found that he was aware of the limited liability, although the plaintiff was not personally aware thereof, and his knowledge would, of course, have been imputable to her.

I think, however, that under the circumstances here appearing there was no question for the jury, and that plaintiff as matter of law was limited in her recovery to the sum of $50. It is now well settled that a receipt of the general nature of the one in question constitutes the contract between the parties, and that a shipper of goods, receiving it without objection, is bound by its provisions, in the absence of artifice or concealment, and cannot overcome its legal effect by failing to read it or to acquaint himself with its provisions. See Hoffman v. Metropolitan Express Company, 111 App. Div. 407, 97 N. Y. Supp. 838, and cases there cited.

The authorities relied on by plaintiff are cases which involve unusual circumstances, or are what are known as "baggage express" cases, where the receipts are intended only for the purpose of identifying or tracing the property, and not as expressing the agreement of transportation between the parties. The inapplicability of that class of cases as authorities in a case like this, involving the transportation of property by an ordinary express company, is pointed out in Mills v. Weir, 82 App. Div. 396, 81 N. Y. Supp. 801.

The order should be affirmed, with costs. All concur.