NOONAN v. WELLS FARGO & CO.

(Supreme Court, Appellate Term. July 1, 1910.)

1. APPEAL AND ERROR (§ 931*)—PRESUMPTION.

The trial court having held that the limitation, in the contract of carriage, of the carrier's liability was not binding on the shipper, it will be considered to have resolved all disputed questions of fact in her favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3704; Dec. Dig. § 931.*]

2. CARRIERS (§ 155*)—LOSS OF GOODS—LIMITED LIABILITY.

Where the circumstances of a shipment by express themselves repel the idea that the parties intended an instrument delivered by the carrier should represent a contract, the carrier, to establish a limitation of its liability, must show the shipper knew and assented to the terms of the instrument; but where the circumstances show that the parties intended the instrument should represent a contract, the shipper is bound by its terms, though he did not read them, if there was no fraud or concealment; and where the circumstances do not distinctly show the one nor repel the other, then the intention of the parties is a question of fact.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 677–679; Dec. Dig. § 155.*]

3. CARRIERS (§ 155*)—LOSS OF GOODS—LIMITING LIABILITY—FRAUD.

Fraud vitiating a contract of carriage, limiting the amount of carrier's liability, in case of loss, may not be found from the fact of the carrier's agent being furnished with blanks stamped, "Value asked and not given," and the shipper not being asked the value; the carrier not relying for a defense on such provision, but on that that the shipper expressly agreed that the value of the goods was no more than a certain amount, and that, no greater value being stated, the shipper was estopped in case of loss to claim any greater value.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 677–679; Dec. Dig. § 155.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Julia Noonan against Wells Fargo & Co. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Alexander & Green (William C. Prime and Ernest C. Morse, of counsel), for appellant.

Alfred J. Talley, for respondent.

LEHMAN, J. The plaintiff delivered to the defendant's agent a trunk for transportation from Englewood to New York. It is not disputed that the agent called for the trunk at her request at the residence of her employer where she worked as a maid; that she had some discussion with the agent before delivering the trunk as to whether the amount of the charges should be 50 cents or 75 cents, and as to whether it would be better for her to prepay the charges or have the charges collected upon delivery of the trunk. The defendant's agent thereupon in her presence and in full daylight prepared a receipt, filling in the blanks by writing the date, the name of the consignor, the number of the articles, the name and address of the consignee, and that

the charges were to be collected. He then signed and delivered the receipt to the plaintiff who apparently had ample time, opportunity, and ability to read the receipt if she had desired to do so. The receipt is in the usual form, and contained a clause that "the charge for carrying said property being based upon a valuation not exceeding fifty dollars unless a greater valuation is declared, it is hereby agreed that the company shall not be liable in any event for more than fifty dollars unless a greater value is stated herein, and in case of partial loss or damage shall not be liable for more than such proportion of same as fifty dollars or the value declared herein bears to the actual value if greater." The receipt was also stamped with the words "Value asked and not given," and across the top is printed in large letters "Charges are based upon value, and the liability of this company is limited to $50 unless a greater value is declared at the time of shipment."

Since the trial justice has held that the limitation is not binding upon the plaintiff we are bound to consider that the trial justice has resolved all disputed questions in her favor, and for the purpose of this appeal we must consider that it was established that the value was not asked, that defendant's agent did not call plaintiff's attention to any provisions of the receipt, and that plaintiff did not read the receipt.

A carrier may limit its common-law liability by contract, and it is of course elementary that such a contract can arise only where the shipper has assented to its terms. "Whilst the carrier should be protected in his legal right to limit his responsibility, the public should also be protected against imposition and fraud. The carrier must deal with the public upon terms of equality, and if he desires to limit his liability he must secure the assent of those with whom he transacts business." Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701. In that case the carrier agreed to deliver trunks in New York City for a passenger on a train. His messenger received from him two baggage checks, and entered their numbers upon a card or receipt which he delivered to the passenger. The receipt contained a clause limiting the liability of the carrier. At the time the car was so dark that the passenger could not read the receipt; the card like a baggage check was not of the character to show that it contained the terms upon which the property is to be carried. The court held that the card constituted no contract: (1) Because it was obscurely printed. (2) Because the nature of the transaction was not such as necessarily charged the plaintiff with the knowledge that the paper contained the contract. (3) Because the circumstances attending the delivery of the card repel the idea that the plaintiff had such knowledge or assented in fact to the terms of the alleged contract.

In the case of Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575, however, the court distinguished the case of Blossom v. Dodd, and held that in the absence of fraud, concealment, or improper practice the legal presumption is that the stipulations limiting its common-law liability, contained in a receipt given by such company for freight, were known and assented to by the party receiving it. In that case there was no evidence warranting the inference that the shipper when she took the receipt did not know, and was not fully informed of what pro-

visions it contained, and the court held only that there was no rule requiring the party giving an instrument to another declaratory of their mutual rights and obligations, to prove affirmatively that the person receiving or accepting it had knowledge of its contents.

In the subsequent case of Kirkland v. Dinsmore, 62 N. Y. 171, 20 Am. Rep. 475, the court carried this rule further, and held that where a shipper of a package of money received a receipt which he knew was "to show that the company received the money, and that the money was to be sent," even though he did not read the paper and had no knowledge of its contents, and did not suppose it to be a contract qualifying or limiting the carrier's common-law liability, he is bound by the limitations contained in the contract and is *conclusively* presumed to have assented to its terms. "He cannot escape from the terms of a contract, in the absence of fraud or imposition, because he negligently omitted to read it, and, when the other party has a right to infer his assent, he will be precluded from denying it to the other's injury. * * * The circumstances imposed upon the plaintiff the duty to read the receipt. The case of Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701, is not in conflict with the views here expressed. The circumstances in that case repelled the idea of a contract."

It seems to me that these cases establish the distinction between the so-called baggage and express cases. Where the circumstances themselves repel the idea that the parties intended that an instrument delivered by the carrier should represent a contract, then the carrier, to establish a limitation of his liability, must show that the shipper had knowledge and assented to the terms of the instrument (Blossom v. Dodd, supra); but where the circumstances show that the parties intended that the instrument should represent a contract, then the shipper is bound by all its terms whether he has read them or not, provided that there has been neither fraud nor concealment (Kirkland v. Dinsmore, supra). Where the circumstances neither distinctly show nor repel the idea that the parties intended that the instrument delivered by the carrier should represent a contract, then a question of fact as to the intention of the parties is created. Springer v. Westcott, 166 N. Y. 117, 59 N. E. 693.

In the case under consideration the receipt was given not to a passenger, but to a private shipper, and under circumstances showing actual negotiation before delivery, and ample time and opportunity for examination after delivery of the receipt. All the circumstances show that the parties must have known that they were making a contract of carriage and that the receipt was intended to be the evidence of that contract. A rather exhaustive search of all the authorities has failed to disclose a single case where an appellate court in this state has held that under such circumstances the shipper was not absolutely bound in the absence of fraud or concealment by all the terms of the receipt. In the recent case of Knapp v. Wells Fargo & Co., 134 App. Div. 712, 719, 119 N. Y. Supp. 117, 119, the court, per Cochrane, J., said:

"I think, however, that *under the circumstances here appearing there was no question for the jury*, and that plaintiff as matter of law was limited in her recovery to the sum of fifty dollars. It is now well settled that a receipt of the general nature of the one in question constitutes the contract

between the parties, and that a shipper of goods receiving it without objection is bound by its provisions in the absence of artifice or concealment and cannot overcome its legal effect by failing to read or to acquaint himself with its provisions." (Italics mine.)

In the present case there was no concealment, but the plaintiff claims that fraud might be found from the fact that the defendant furnished its agent with blanks which were stamped, "Value asked and not given," and that the agent did not ask the value, and presumably was not expected by the company to ask the value before the delivery of the receipt. If the defendant relied for its defense on this claim then plaintiff's contention might be reasonable, but the defendant relies upon the clause which expressly limits its liability, since by this clause the shipper "expressly agreed that the value of the property is not more than a stated sum unless a different value is stated in the receipt, and if no greater value is so stated the shipper is held to have stated and represented as one of the terms of his contract with the carrier that the goods are not of greater value than the sum stated, and will be estopped from afterwards claiming in case of loss that the value was actually greater." Greenwald v. Weir, 130 App. Div. 696, 115 N. Y. Supp. 311.

Judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

PAGE, J., concurs. SEABURY, J., concurs in result.