### CLARK v. MARTIN.

#### (Supreme Court, Appellate Term. May 27, 1912.)

CARRIERS (§ 153*)—CONTRACTS OF SHIPMENT—LIMITATION OF LIABILITY.

In the absence of fraud or concealment, an express receipt, which limits the liability of the carrier to a specified sum in case of loss or damage, will constitute the contract of the parties, and limit recovery to the sum named.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 687–690; Dec. Dig. § 153.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Aimee Clark against Clarence D. Martin, as Treasurer of the United States Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

O'Brien, Boardman & Platt, of New York City (Renwick F. H. MacDonald, of New York City, of counsel), for appellant.

John W. Hannon, of New York City, for respondent.

PAGE, J. This is an action to recover the value of certain goods shipped by defendant express company. The plaintiff offered in evidence the receipt, which limited the liability of the defendant to $50 in case of loss or damage. It has been repeatedly held that such a receipt constitutes, in the absence of fraud or concealment, the contract between the parties, and limits plaintiff's recovery. Knapp v. Wells Fargo Co., 134 App. Div. 712, 119 N. Y. Supp. 117; Noonan v. Wells Fargo Co., 68 Misc. Rep. 322, 123 N. Y. Supp. 903; Greenwald v. Barrett, 199 N. Y. 170, 92 N. E. 218, 35 L. R. A. (N. S.) 971, and cases cited. The case at bar is not distinguishable from these cases.

The judgment, therefore, will be reduced to $50 damages, with interest from August 22, 1911, making the judgment $52.25, with appropriate costs in the court below, and, as modified, affirmed, without costs to either party. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes