(80 Misc. Rep. 222.)

BENNETT v. VIRGINIA TRANSFER CO.

(Supreme Court, Appellate Term, First Department.    April 10, 1913.)

1. CARRIERS (§ 149½*)—LIMITATION OF LIABILITY—CONTRACTS.

An express company may by contract of carriage limit its liability for failure to deliver the goods intrusted to it, where the contract of carriage provides for a limitation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 651–653, 660–662; Dec. Dig. § 149½.*]

2. CARRIERS (§ 153*)—LIMITATION OF LIABILITY—CONTRACTS.

A consignor, who delivers goods to an express company for transportation, and who accepts a paper which he knows contains a contract of carriage, impliedly agrees to accept the terms thereof, though he does not read it; but one who accepts a receipt, without knowledge or notice

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that it contains a contract on the back thereof limiting the liability of the company, does not thereby agree to the terms thereof.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 687–690; Dec. Dig. § 153.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by George W. Bennett against the Virginia Transfer Company. From an order of the Municipal Court of the City of New York refusing to set aside or amend a judgment for plaintiff, he appeals. Reversed, judgment set aside, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Dennis F. O'Brien and M. L. Malevinsky, both of New York City (William J. Cahill, of New York City, of counsel), for appellant.

LEHMAN, J. The plaintiff delivered to the defendant at its office four baggage checks and received from the defendant a receipt. On the back of the receipt is a limitation of defendant's liability to the sum of $25. The plaintiff shows that he never read the receipt and had no notice that it contained any limitation of liability, and the defendant presents no evidence that the limitation was called to the plaintiff's attention. The trial justice, however, held that the limitation constituted a binding contract between the parties and gave judgment for the sum of $25. The plaintiff appeals from the order denying the motion to set aside the judgment.

[1] It is now well established by a multitude of decisions that an express company may limit its liability for failure to deliver goods intrusted to it, if the contract of carriage provides for its limitation. In every case where such limitation is urged, the express company must establish that a special contract for this purpose was made. It is elementary that a contract arises only where both parties have assented to its terms. No contract can arise where one party did not manifest in some way his concurrence in the terms proposed.

[2] Consequently where the limitation is contained in a receipt, and the consignor accepts the receipt without knowledge or notice that it contains a contract of carriage, no special contract is accepted by him; on the other hand, where the consignor accepts a paper which he knows contains a contract of carriage, he impliedly agrees to all its terms, even though he does not read it. The test in all cases is, not whether the consignor read the limitation, but whether he knowingly entered into a special contract of carriage, and thereby impliedly agreed to all its terms. Noonan v. Wells, Fargo & Co., 68 Misc. Rep. 322, 123 N. Y. Supp. 903. In this case the paper received by the plaintiff does not show that any special contract of carriage was made. It does not on its face purport to be a contract, but merely a receipt. It contains no statement of where the articles are to be delivered, or any promise on the part of the consignee. It contains merely the number of the checks received, the signature of the agent, the name of the express company, and an advertisement of that company. There was

nothing on the face of the paper to show that the printing on the back contained any part of a contract. On the contrary, the paper itself and the manner in which it was received repel any inference that the paper was anything more than a receipt. In accepting the receipt without reading the limitation on the back, the plaintiff cannot be held to have impliedly agreed to all the terms contained in the paper.

Order should be reversed, the judgment set aside, and a new trial ordered, with costs to appellant to abide the event. All concur.