## FOSTER v. TAYLOR.

(Supreme Court, Appellate Division, Second Department. March 3, 1916.)

PRINCIPAL AND AGENT ⊚⇒101—CARRIAGE OF GOODS—LIMITATION OF LIABILITY —CONTRACT BY SHIPPER'S AGENT.

 A shipper of goods is bound by the special contract tendered to and received by her agent.

 [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 255, 256, 330, 346; Dec. Dig. ⊚⇒101.]

 Putnam, J., dissenting.

Appeal from Trial Term, Dutchess County.

Action by Lily F. Foster against G. C. Taylor, as president, etc. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Modified and affirmed.

Argued before CARR, STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Frank Hasbrouck, of Poughkeepsie, for appellant.
Morschauser & Mack, of Poughkeepsie, for respondent.

PER CURIAM. The plaintiff was bound by the special contract tendered to and received by her agent. Mills v. Weir, 82 App. Div. 396, 81 N. Y. Supp. 801; Knapp v. Wells Fargo & Co., 134 App. Div. 712, 119 N. Y. Supp. 117; Noonan v. Wells Fargo & Co., 68 Misc. Rep. 322, 123 N. Y. Supp. 903. Her recovery for damages was limited under the circumstances of this case to the sum of $50.

The judgment is modified, by reducing the amount of the recovery to the sum of $50 and costs, and, as so modified, the judgment and order are affirmed, without costs of this appeal.

CARR, STAPLETON, MILLS, and RICH, JJ., concur.

PUTNAM, J. (dissenting). The facts show damage from the carrier's negligence, which it does not attempt to excuse. Whether the barrel contained flour, potatoes, or other usual barrel commodities, and whatever was its declared value, it was not to be left out unpro-

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tected. The contents were soaked and discolored. A common carrier in this state by general exception may relieve itself even from its own negligence. Boyle v. Bush Terminal R. R. Co., 210 N. Y. 389, 104 N. E. 933. Where, however, the carrier's receipt in the course of its excepting clauses reserved therefrom instances of its negligence, it cannot say that the $50 limitation measures its liability, whether from negligence or otherwise.

In this receipt the carrier is not to be—

"liable in any event for more than fifty dollars ($50) on any shipment of 100 pounds or less."

But it does not stop there. It goes on:

(4) "*Unless caused by its own negligence*," it is not to be liable for difference in weight, or for death, injury, or escape of live freight. (6) "Packages containing fragile articles, or articles consisting wholly or in part of glass, must be packed so as to insure safe transportation by express *with ordinary care.* If not so packed, and plainly marked so as to indicate the nature of the contents, the company shall not be liable for damage to such shipment *unless proved to be negligent.*"

The carrier's duty to take ordinary care is so fundamental that defendant would not venture to leave it wholly out in drawing up these protective exemptions. The clauses would naturally lead a shipper to think, and, in my view, a court to hold, that the qualifications "unless proved to be negligent," "unless caused by its own negligence," apply elsewhere in the contract. Can the express company say: I am *in no event* to pay more than $50, but in case of certain articles, or liabilities, I shall not be liable at all, unless I am shown to be negligent? Perhaps that might be contended before Public Service Commissions Law (Laws of 1907, chapter 429) § 38. But if these clauses as to certain kinds of merchandise purport to exempt from all liability, then in this state they are void.

I think, therefore, that the exemption to $50 in this receipt did not cover damage caused by defendant's proven negligence.