MARY J. BARTER, Appellant, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Respondent.

First Department, March 7, 1919.

Carrier — shipment of trunk by express — carrier's receipt limiting time of action for loss of goods — acceptance of receipt by shipper's agent and retention by shipper without protest — when shipper bound by limitation of action.

Where the plaintiff ordered her maid to ship a trunk by the defendant's express company and the maid accepted a receipt from the defendant which limited the right of the shipper to recover for lost goods to an action to be brought within one year from the date of loss, which receipt was afterwards given to the plaintiff by the maid and which was retained by her without protest, she was bound by the one-year limitation set by the contract. Hence, she cannot maintain an action for loss of the contents after said time had expired.

The maid was the plaintiff's agent to make delivery of the trunk and the receipt accepted by the maid and delivered to the plaintiff constituted the contract of shipment whether read by the plaintiff or not.

In any event the contract was ratified by the retention of the receipt by the plaintiff without protest.

APPEAL by the plaintiff, Mary J. Barter, from a judgment of the Appellate Term of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of February, 1917, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, and directing a dismissal of the complaint.

First Department, March, 1919. [Vol. 186.

*D. W. Steele, Jr.,* for the appellant.

*George W. Smyth,* for the respondent.

SMITH, J.:

The action is brought to recover for clothes lost from a trunk which was expressed by the defendant company from a hotel at Far Rockaway to the plaintiff's residence in the city of New York. The sole question here for determination arises upon the limitation contained in the receipt given at the time that the trunk was taken, which limited the right of the shipper to recover for lost goods to an action to be brought within one year from the date of the loss.

The plaintiff went to the office of the defendant at Far Rockaway and directed defendant to call for her trunk at the Chelsea Hotel, to be shipped to 222 East Forty-ninth street, New York city. The defendant did not call for the trunk until the next day, when the maid delivered the trunk to the defendant and received in exchange therefor an express receipt. This express receipt contained the limitation above specified. At the time that the defendant called for the trunk the plaintiff was in the hotel. Confessedly she received this receipt from the maid very soon after the trunk had been taken away. The trunk was not delivered in New York city until one week thereafter and at the time that it was delivered the evidence is to the effect that some clothes had been taken therefrom of the value of $194 for which the defendant was held liable in the Municipal Court. The Appellate Term reversed the judgment upon the ground that the action was not brought within one year, upon the authority of their former decision in the case of *Lichterman* v. *Barrett* (95 Misc. Rep. 594), although it was stated that two of the justices of the Appellate Term, independently of the authority, were of the opinion that the plaintiff had the right to recover. (98 Misc. Rep. 646.)

This case is very parallel to the case of *Knapp* v. *Wells, Fargo & Company* (134 App. Div. 712). In that case the express company was asked to call for a woman's suitcase. The shipper left the hotel and asked the clerk of the hotel to take the receipt for her, this the clerk did, and delivered

the receipt to her upon her return. It was held that the hotel clerk was her agent to make delivery and that, although the contents of the receipt were not read, the plaintiff was bound by any limitation in the receipt. In this case, when an express company is directed to call at a hotel for a trunk, it would seem that there was an implied authority to the servants in charge of the hotel to deliver the trunk, in case the shipper herself was absent. Clearly the express company was guilty of no wrong in taking the trunk and, as a matter of common experience, there should be implied an authority in this maid to deliver this trunk which apparently was locked and ready to go, so that this maid had equal authority as I view it with the hotel clerk who received the receipt in the *Knapp* case. In that case Mr. Justice COCHRANE says: " The authorities relied on by plaintiff are cases which involve unusual circumstances or what are known as ' baggage express ' cases where the receipts are intended only for the purpose of identifying or tracing the property and not as expressing the agreement of transportation between the parties. The inapplicability of that class of cases as authorities in a case like this involving the transportation of property by an ordinary express company is pointed out in *Mills* v. *Weir* (82 App. Div. 396)." In *Cohen* v. *Morris European & American Express Co., Ltd.* (151 App. Div. 672), Mr. Justice CLARKE (now presiding justice) reviewed the cases up to that time and concluded that the receipt thus given constituted a contract between the parties and the stipulations therein bound the shipper. In *Missouri, K. & T. Railway* v. *Harriman* (227 U. S. 657) the same rule of law was held, the court saying: " The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such . stipulations have been sustained in insurance policies. * * * A stipulation that an express company should not be held liable unless claim was made within ninety days after

a loss was held good. [Citing case.] Such limitations in bills of lading are very customary and have been upheld in a multitude of cases."

This shipment by this express company was like any other shipment by the express company of merchandise, and as I read the cases I think that they have been uniform in holding that the receipt given for the goods constitutes the contract upon which the goods are shipped, whether or not that receipt be read by the shipper. In the case at bar there is no question that the receipt was in fact received by the plaintiff within a very short time after it was delivered to the maid and no protest has been made at any time against any condition imposed by that receipt. If there be any question of the right of this maid to deliver up this trunk, as I cannot conceive there can be, that act was ratified by the retention of this receipt and the subsequent negotiations without protest.

I recommend that the determination of the Appellate Term be affirmed, with costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Determination affirmed, with costs.